Argued and submitted March 31, reversed and remanded on fraud claim, otherwise
affirmed May 6, reconsideration denied July 2, petition for review denied
August 24, 1987 (304 Or 55)

# ALBRANT,
## *Appellant,*

*v.*

# STERLING FURNITURE CO. et al,
## *Respondents.*

## (16-84-07127; CA A39583)

736 P2d 201

Martha C. Evans, Eugene, argued the cause for appellant. With her on the briefs were Patricia A. Vallerand and Leistner, Vallerand & Evans, Eugene.

Sharon A. Rudnick, Eugene, argued the cause for respondents. With her on the brief were Stanton F. Long and Harrang, Long, Watkinson & Arnold, P.C., Eugene.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Plaintiff brought this breach of contract and fraud action against her former employer, Sterling Furniture Co., and its sales manager, Senchina. The trial court granted defendants' motion for summary judgment on both claims and dismissed plaintiff's complaint. We reverse as to the fraud claim.

Viewed in the light most favorable to plaintiff, the record discloses these facts: Plaintiff was employed as a sales-person in the Klamath Falls Montgomery Ward appliance department but wished to move to Eugene. In the summer of 1983, she began looking for a sales position in the Eugene area. She left a resume at defendants' Eugene store and spoke briefly with Senchina. He indicated that a sales position would be available soon and that, if she were hired, her hours would be 8:30 a.m. to 5:30 p.m., Tuesday through Saturday, and that she would receive a commission of eight percent on all in-store sales and nine percent on all out-of-store sales.[1]

In late August or early September, 1983, Senchina contacted plaintiff and offered her the sales position. Before accepting, plaintiff confirmed Senchina's earlier statements regarding her work hours and commission rates. She accepted the position, quit her job at Montgomery Ward and moved to Eugene. She received no written employment contract before moving. She began working on September 20, 1983. She quit less than two weeks later.

When plaintiff began work, she was informed that sales of certain items would result in a commission lower than eight percent. During the first days of her employment, she was required to work evening hours. She contends that those modifications of Senchina's representations are a breach of her employment contract; they also form the basis of her fraud claim.

In her first assignment of error, plaintiff contends that the trial court erred in granting a summary judgment on the breach of contract claim. She argues that there is a genuine issue of fact concerning the nature of the employment

---

[1] For the purpose of their motion for summary judgment, defendants do not dispute that the representations were made.

relationship created by the parties' employment agreement and that, if an "at will" relationship was created, defendants, nevertheless, cannot arbitrarily change the terms of the contract.

■■ It is well established in Oregon that, without some contrary agreement, an employment contract is terminable at the will of either party. *Lewis v. Oregon Beauty Supply Co.*, 302 Or 616, 620, 733 P2d 430 (1987). That means that an employer ordinarily may discharge an employe for any reason and at any time. 302 Or at 620. It follows that an employer may also modify the employment contract so long as the modification applies only prospectively.[2] An employe impliedly accepts such modifications by continuing employment after the modification. *Page v. Kay Woolen Mill Co.*, 168 Or 434, 439, 123 P2d 982 (1942); *see also Mail-Well Envelope Co. v. Saley*, 262 Or 143, 152, 497 P2d 364 (1972). Plaintiff signed an employment contract within the first few days of employment which expressly provides that her employment was "terminable at will by either Employer or Employee at any time." Consequently, we conclude that the trial court properly granted defendants summary judgment on the breach of contract claim.

Plaintiff also contends that the trial court erred in granting a summary judgment on the fraud claim. She contends that there is a genuine issue of fact as to whether defendants fraudulently induced her to leave her sales position in Klamath Falls in order to accept the offered position in Eugene.

■ In order to succeed on her fraud claim, plaintiff must establish that she had a right to rely on the alleged misrepresentations concerning the terms of her employment and that, when they were made, defendants had no intention of fulfilling them. *See U.S. National Bank v. Fought*, 291 Or 201, 630 P2d 337 (1981). Defendants contend that plaintiff had no right to rely, because the representations involved conditions which were modifiable at defendants' will. We disagree. The fact that defendants were offering plaintiff a position which

---

[2] It is undisputed that plaintiff was told of the alleged contract modifications concerning the rate of commission before she had sold any merchandise. Plaintiff does not contend that she has not been fully compensated for her services rendered.

was terminable at will does not mean that she could not reasonably rely on representations they made. On the contrary, she had a right to rely until she knew or should have known that the terms had been modified. We also conclude that the record contains sufficient evidence to support an inference that, when defendants confirmed the terms of plaintiff's employment before she accepted the job, they intended to impose different terms.

■       Defendants contend that, even if the elements of fraud were established, plaintiff has nevertheless failed to show that she sustained legally recoverable damages. They argue that the proper measure of damages is the difference between what plaintiff earned and what she would have earned under the contract. Because the employment was for an indefinite term, defendants argue that the amount of future lost earnings cannot be measured and, therefore, are not recoverable. Although we agree that the wages plaintiff would have earned from defendants are speculative, we disagree that that defeats her claim for fraud.

In *Dizick v. Umpqua Community College,* 287 Or 303, 599 P2d 444 (1979), the court discussed the proper measure of damages in a fraud action. Rather than formulate a rule of precise application in all cases, the court stressed that, "[w]hen the alleged fraud does not involve the sale of property, the proper measure of damages must be flexible to compensate the plaintiff for whatever loss he has suffered." 287 Or at 312. Accordingly, we find untenable defendants' contention that the *only* proper measure of damages in this case is what plaintiff would have earned under the contract. We refuse to adopt a rule that would leave a victim of fraud uncompensated merely because the misrepresentation involves a contract for employment at will.

In plaintiff's affidavit in opposition to summary judgment, she states:

"1.   Although Defendants' counsel did not ask me this in my deposition, I did make it clear to Defendants, prior to taking their job that the hours and commissions they were offering were important to my decision to accept their offer of employment.

"2.   Defendant Paul Senchina was aware of the fact I was working at Montgomery Wards at the time he offered me

employment and that I could continue to work for Montgomery Wards if I did not accept employment with Defendants."

At trial, plaintiff may be able to prove that Montgomery Ward would have continued her employment indefinitely and that she would have continued there for a period of time sufficient to locate other suitable work in the Eugene area had it not been for the alleged misrepresentations by defendants. In other words, although she cannot prove what she would have earned working for defendants, she may be able to prove what she lost by quitting her job in Klamath Falls and moving to Eugene. We conclude that those damages would be recoverable in a fraud action.[3]

Reversed and remanded on the fraud claim; otherwise affirmed.

---

[3] Defendants contend that plaintiff would only be entitled to this measure if she had elected to disaffirm the contract and sue for rescission. They contend that, because plaintiff elected to sue for fraud, she has waived rescission damages. *See Elizaga v. Kaiser Found. Hospitals,* 259 Or 542, 549, 487 P2d 870 (1971); *Bridgmon et al v. Walker et al,* 218 Or 130, 135, 344 P2d 233 (1959). As noted above, we refuse to adopt such an inflexible measure of damages. The cases cited by defendant do not dictate otherwise.