Argued and submitted November 28, 1988, affirmed March 22, 1989

# THOMPSON,
### *Appellant,*

*v.*

# INSKEEP et al,
### *Respondents.*

## (A8512-07551; CA A47063)

770 P2d 953

John Paul Graff, Portland, argued the cause for appellant. With him on the briefs was Graff & O'Neil, Portland.

Thomas M. Christ, Portland, argued the cause for respondents. With him on the brief was Mitchell, Lang & Smith, Portland.

Before Graber, Presiding Judge, and Riggs and Edmonds,* Judges.

GRABER, P. J.

---

* Edmonds, J., *vice* Warden, J., retired.

## GRABER, P. J.

This is a personal injury action arising from a collision between an automobile driven by plaintiff and one driven by defendant Jeffrey Inskeep and owned by his defendant father.[1] The jury found that plaintiff was 56 percent negligent. Judgment was entered for defendant, and plaintiff appeals. We affirm.

Plaintiff's only assignment of error is that the trial court erred in failing to give his proposed instruction on comparative negligence.[2] Defendant responds that plaintiff is foreclosed from making the argument, because he failed to preserve it. We agree.

The dispositive issue is whether plaintiff was required to take an exception to preserve the alleged error. ORCP 59H provides, in part, that no exception is necessary if *no* instruction is given on the subject of the requested instruction:

"[N]o instruction given to a jury shall be subject to review upon appeal unless its error, if any, was pointed out to the judge who gave it and unless a notation of an exception is

---

[1] In the remainder of this opinion, we refer to the Inskeeps collectively as "defendant."

[2] Plaintiff requested the Uniform Civil Jury Instruction on comparative negligence, UCJI No. 11.51, which reads:

"Plaintiff and defendant have each alleged that the [injury] [damage] [collision] was caused by the other's negligence. This requires instructing you on the law of comparative negligence. If you find that both defendant and plaintiff were negligent in any respect alleged which was a cause of the damage complained of, then you should compare the negligence of plaintiff to the negligence of defendant.

*"In making this comparison, you are to measure the negligence of the parties and not the mere physical causation of the [injury] [damage] [collision].*

"If plaintiff's negligence was greater than defendant's negligence, then plaintiff is not entitled to a verdict in [his] [her] favor. However, if plaintiff's negligence was equal to or less than defendant's negligence, then plaintiff is entitled to a verdict in plaintiff's favor.

"In other words, if plaintiff's negligence was more than 50%, then plaintiff is not entitled to a verdict in plaintiff's favor. On the other hand, if plaintiff's negligence is 50% or less, than [he] [she] is entitled to a verdict in [his] [her] favor. Do not reduce the amount of plaintiff's damages, if any. The judge will reduce the amount awarded to the plaintiff by the percentage of plaintiff's negligence, if any." (Emphasis supplied.)

Specifically, plaintiff claims that the omission of the italicized second paragraph of UCJI No. 11.51 prejudiced him.

made immediately after the court instructs the jury. * * * It shall be unnecessary to note an exception in court to any other ruling made. All adverse rulings, including failure to give a requested instruction or a requested statement of issues, except those contained in instructions and statements of issues given, shall import an exception in favor of the party against whom the ruling was made."

Here, the court instructed the jury about comparative negligence in the course of explaining the verdict form. That form was based on UCJI 11.59, which plaintiff himself had requested. In pertinent part, the verdict, as returned, reads:

"2. Was defendant driver negligent in one or more of the respects claimed in plaintiff's complaint which caused damage to plaintiff?

"ANSWER:                              Yes
                                   (Yes or No)

"* * * * *

"3. Was plaintiff negligent in one or more of the respects claimed in defendant's answer which caused damage to plaintiff?

"ANSWER:                              Yes
                                   (Yes or No)

"* * * * *

"4. What is the percent of each of the parties' negligence which caused damage to plaintiff?

"ANSWER:        Defendant      44   %

                Plaintiff      56   %

"(The percentages must total 100%)

"If plaintiff's percentage is greater than 50%, your verdict is for the defendant. Your presiding juror should sign this verdict form. Do not answer any further questions."

The trial court had also instructed the jury about the parties' mutual claims of negligence, the obligation of each party to prove by a preponderance of the evidence the negligence of the other in at least one of the ways alleged, and the definition of negligence. The court then discussed the verdict form with the jury at length and said, in pertinent part:

"And comparative negligence. Negligence as comparative negligence. I'm going to give you a verdict form in a few

minutes that details a series of questions that I would like you to answer. * * *

"Question No. 4 now is predicated upon a finding by you that both drivers were negligent, and what we want you to do at this point with Question No. 4 is compare this relative contribution. So Question No. 4 says, 'What is the percentage of each of the parties—' that is, the drivers—'negligence which caused damage to the Plaintiff?' And then there's a line, 'Plaintiff blank with percentage,' and 'Defendant blank with percentage'. * * * And obviously, the percentages, the two together, have to equal 100 percent.

"And then there is this statement to you: If the Plaintiff's percentage is greater than 50 percent—that is, the Plaintiff himself contributed more than 50 percent of negligence to cause the accident, your verdict is for the Defendant, because Plaintiff is barred from recovery if he is more than 50 percent negligent. You would stop and not go on to the damage issue, and have the presiding juror sign the verdict form."

It is immaterial that that instruction explained the verdict form as well as comparative negligence. It was nonetheless an instruction on comparative negligence within the meaning of ORCP 59H. The commentary to ORCP 59H provides, in part:

"Section 59H. is based on ORS 17.505 through 17.515 * * *. On the question of whether failure to give a requested instruction preserves error in instructions given, *see Holland v. Sisters of Saint Joseph,* 270 Or 129[, 522 P2d 208, 526 P2d 577] (1974), and *Becker v. Beaverton School District,* 25 Or App 879[, 551 P2d 498] (1976)." *Reprinted in* Merrill, *Oregon Rules of Civil Procedure: 1988 Handbook* at 184.

In *Holland,* the Supreme Court held that there must be something in a proposed instruction that "clearly and directly" calls the trial court's attention to the error in the instruction given. 270 Or at 141. Relying in part on *Holland, Roberts v. Mitchell Bros.,* 289 Or 119, 131, 611 P2d 297 (1980), held that no exception is required if the proposed instruction is "clearly and directly" contrary to an instruction that the court gives, thereby calling the trial court's attention to the alleged error. Although *Roberts* and *Holland* were decided under *former* ORS

17.510,[3] the adoption of ORCP 59H did not undercut their holdings.

Citing *Sandford v. Chev. Div. Gen. Motors,* 292 Or 590, 642 P2d 624 (1982), plaintiff complains about one phrase that the court used in describing the statement below Question No. 4 on the verdict form: "If * * * the Plaintiff himself contributed more than 50 percent of negligence to cause the accident, your verdict is for the Defendant." Paragraph two of the requested instruction, *see* n 2, *supra,* did not "clearly and directly" alert the trial court to the purported error of which plaintiff now complains. Accordingly, an express exception that told the court how the two instructions differed and why the court's was wrong was required to preserve the error.

Plaintiff declined to state an exception when the trial court invited him to do so. After instructing the jurors, the judge informed them that, before they retired, he was going to confer with both counsel "to make sure that I have not overlooked anything or misstated anything." In chambers, this exchange occurred in that context:

"[PLAINTIFF'S COUNSEL]:   Nothing, Your Honor.

"[DEFENDANT'S COUNSEL]:   I have no exceptions.

"THE COURT:   Okay."

Affirmed.

---

[3] *Former* ORS 17.510 provided:

"No statement of issues submitted to the jury pursuant to ORS 17.320 and no instruction given to a jury in the circuit court shall be subject to review upon appeal unless its error, if any, was pointed out to the judge who gave it and unless a notation of an exception was made in the circuit court. It shall be unnecessary to note an exception in the circuit court to any other ruling made. All adverse rulings except those contained in instructions given shall import an exception in favor of the party against whom the ruling was made."