Argued and submitted November 7, 1988, affirmed on appeal and cross-appeal June 21, reconsideration denied August 18, petition for review denied September 19, 1989
(308 Or 382)

## SIEVERSON,
*Appellant - Cross-Respondent,*

*v.*

## ALLIED STORES CORPORATION et al,
*Respondents - Cross-Appellants.*

## (37260; CA A45798)

776 P2d 38

Gregory P. Lynch, Bend, argued the cause for appellant - cross-respondent. With him on the briefs was Gray, Fancher, Holmes & Hurley, Bend.

Calvin L. Keith, Portland, argued the cause for respondents - cross-appellants. With him on the brief were Paul T. Fortino, Peter M. Burrell, and Perkins Coie, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Plaintiff brought this action for wrongful discharge, alleging that she was fired by defendant Allied Stores in retaliation for reporting to corporate headquarters that the manager of The Bon, defendant Samuelson, had engaged in what she believed were unlawful employment practices. The trial court granted defendants' motion for a directed verdict. Plaintiff appeals and defendants cross-appeal. We affirm.

Plaintiff began working as a department manager for The Bon in 1980. In 1983, Samuelson became store manager. Apparently, plaintiff and Samuelson had considerable difficulty getting along. In January, 1984, one of the employes in plaintiff's department, Ross, was interviewed by the store's security department concerning a number of cash refunds that she had processed. Samuelson did not participate in the interview. Ross told plaintiff that she was quite upset by the interview. Plaintiff then wrote a letter to the store's director in Seattle, telling him of low employe morale at the store and relating the incident involving Ross. She told him that Ross had been accused of stealing from the till and that that was a "gross injustice to one of my top sales people."

On January 26, 1984, Samuelson placed plaintiff on 30 days probation. The reasons given for the action were plaintiff's poor attitude and her refusal to adapt to Samuelson's management style. She was terminated on March 29, 1984. Plaintiff sued The Bon's owner and Samuelson. One of her claims alleged a wrongful discharge on the ground that she was terminated because she reported to The Bon's store director that Samuelson had engaged in "employee abuse."[1] At the close of plaintiff's case, defendants moved for a directed verdict, which the trial court granted.

1.     Plaintiff first argues that the trial court erred in granting defendants' motion for a directed verdict on the wrongful discharge claim, because defendants did not include in their motion the specific grounds upon which the court

---

[1] Plaintiff also brought claims for sex discrimination and outrageous conduct against both defendants and for intentional interference with a contractual relationship against Samuelson. The trial court granted defendants' motion for summary judgment on the sex discrimination and the outrageous conduct claims. The summary judgment was not appealed. The intentional interference claim against Samuelson went to the jury, which returned a verdict for the defendant.

based its decision as required by ORCP 60. We disagree. Defendants moved for a directed verdict on the ground that there was no showing that plaintiff's belief that employe abuse had occurred was in good faith. As a part of that argument, they asserted that she did not have a good faith belief that Samuelson had done anything wrong. The trial court held that the pleadings alleged that the wrongful acts were committed by Samuelson and that, because there was no evidence that he was involved in the incident with Ross, an essential element of the wrongful discharge claim was not proven. Defendants' motion for a directed verdict did bring to the court's attention the issue on which the trial court granted the motion. That was sufficient to satisfy ORCP 60. *See Gardner v. First Escrow Corp.,* 72 Or App 715, 727-28, 696 P2d 1172, *rev den* 299 Or 314 (1984).

**2.**     Plaintiff also contends that the trial court erred in concluding that, because she failed to prove that Samuelson engaged in "unlawful employee abuse," the wrongful discharge claim was not proven. She argues that the gravamen of her claim was that she was terminated in retaliation for her good faith reporting of what she thought was employe abuse, and that it was immaterial who actually committed the abuse. However, it is unnecessary for us to decide whether it would have been sufficient for plaintiff to prove that she had a good faith belief that *some* employe of The Bon, rather than just Samuelson, had engaged in the abuse. Under either version, the facts would not constitute the tort of wrongful discharge.[2]

**3.**     Generally, an at will employe may be discharged at any time and for any reason. However, there are exceptions to this general rule. *Delaney v. Taco Time Int'l.,* 297 Or 10, 681 P2d 114 (1984). The Supreme Court has held that the discharge of an employe for fulfilling an important societal obligation, the denial of which would thwart an important public policy, constitutes the tort of wrongful discharge. An example of such a public policy is the obligation a citizen has to serve

---

[2] Defendants offer this argument as an alternative ground upon which to affirm the trial court. A directed verdict may be affirmed on a different basis from that relied upon by the trial court. *Allen v. The Heil Co.,* 285 Or 109, 589 P2d 1120 (1979). In addition to making the argument in response to appellant's assignment of error, defendants raise it in their cross-appeal. However, as defendants recognize in their brief, it was not necessary to file a cross-appeal in order to assert the argument. *Artman v. Ray,* 263 Or 529, 501 P2d 63 (1972). We affirm on the cross-appeal.

on jury duty. *Nees v. Hocks,* 272 Or 210, 536 P2d 512 (1975). By contrast, this case involves a report of suspected wrongdoing within a private corporation. We conclude that such action does not involve interests of public importance equal or analogous to those that have been recognized as constituting the tort.

**4.** An additional exception to the general rule regarding termination of at will employes has been recognized when an employe has been terminated for pursuing a private statutory right. However, that right must relate to the person's role as an employe and must be identified in the statutes, constitution or case law as one of important public interest. *Holien v. Sears, Roebuck and Co.,* 298 Or 76, 689 P2d 1292 (1984). In *Brown v. Transcon Lines,* 284 Or 597, 588 P2d 1087 (1978), the plaintiff was discharged for filing a worker's compensation claim. ORS 659.410 provides that discriminating against an employe who has filed such a claim is an unlawful employment practice. The court held that, because the employer's action frustrated that legislatively recognized interest, a cause of action for wrongful discharge was available.

In contrast, in *Campbell v. Ford Industries, Inc.,* 274 Or 243, 546 P2d 141 (1976), an employe was discharged for exercising the statutory right of a stockholder to inspect corporate records. The court held that, because the inspection statute was designed to protect private and proprietary interests of stockholders, rather than public interests, the employe did not have a cause of action for wrongful discharge. Although this case involves plaintiff's rights as an employe, it does not concern the exercise of any rights identified in case law, statutes or the constitution as relating to an important public interest. *See Patton v. J. C. Penny Co.,* 301 Or 117, 719 P2d 854 (1986). Plaintiff does not explain how the exercise of her right to complain to her superiors involves such a right. The trial court did not err in granting a directed verdict on the wrongful discharge claim.[3]

Affirmed on appeal and on cross-appeal.

---

[3] Plaintiff also assigns error to the court's refusal to allow her to amend her complaint to allege that there were other employes, rather than just Samuelson, who committed employe abuse. In view of our disposition of the case, we need not address that issue.