601 So.2d 1316 (1992)
C. Kelly MARTIN, Appellant,
v.
GOLDEN CORRAL CORPORATION, a North Carolina corporation registered to do business in the State of Florida, Appellee.
No. 91-02266.
District Court of Appeal of Florida, Second District.
July 8, 1992.
David K. Oaks of Oaks and Johnson, P.A., Punta Gorda, for appellant.
Kenneth A. Jones of Peper, Martin, Jensen, Maichel & Hetlage, Fort Myers, for appellee.
PARKER, Judge.
C. Kelly Martin appeals a final summary judgment. We reverse the final summary judgment, concluding that a material question of fact remains unresolved concerning whether Martin was notified of the modified employment agreement.
In 1980 Golden Corral Corporation, a North Carolina corporation registered to do business in Florida (Golden Corral), employed Martin as a builder. In 1984 Martin acknowledged by his signature a letter from Golden Corral, which set forth the compensation plan with regard to his employment. This letter established an investment program in which Martin was able to purchase one five percent joint venture interest in certain Golden Corral stores during each of the first two years of *1317 employment and two such interests during each subsequent year.
In November 1988 Martin filed a claim against Golden Corral, alleging that Golden Corral breached the plan of compensation. Golden Corral filed a motion for summary judgment, which alleged that Golden Corral unilaterally could modify the terms and conditions of Martin's at-will employment without giving rise to a breach of contract action and that Martin impliedly accepted the modifications by continuing his employment for approximately two years after the alleged breach. The trial court granted Golden Corral's motion, holding that because Martin's employment was at-will, the employer unilaterally could change the compensation agreement without being in breach of the employment agreement.
We agree that Martin was an employee-at-will. When there is not an agreed upon definite term of employment, the employment agreement is terminable at the will of either the employer or the employee. Smith v. Piezo Tech. and Prof. Admin., 427 So.2d 182 (Fla. 1983); Muller v. Stromberg Carlson Corp., 427 So.2d 266 (Fla. 2d DCA 1983). Although there is no case on point in Florida,[1] there is authority from other jurisdictions that the employer also can modify the original compensation agreement. See Green v. Edward J. Bettinger Co., 608 F. Supp. 35 (E.D.Pa. 1984), aff'd, 791 F.2d 917 (3d Cir.1986), cert. denied, 479 U.S. 1069, 107 S.Ct. 960, 93 L.Ed.2d 1008 (1987); Bartinikas v. Clarklift of Chicago North, Inc., 508 F. Supp. 959 (N.D.Ill. 1981); Albrant v. Sterling Furniture Co., 85 Or. App. 272, 736 P.2d 201 (Or. Ct. App.), review denied, 304 Or. 55, 742 P.2d 1186 (1987).
Basic contract principles govern modifications to employment-at-will contracts. The party asserting a modification must prove (1) notice of the change and (2) acceptance of the change.[2]Bartinikas, 508 F. Supp. at 961; Hathaway v. General Mills, Inc., 711 S.W.2d 227 (Tex. 1986).
The trial court in this case simply found that Martin was an at-will employee and that the employer unilaterally could modify the terms of the employment agreement. The trial court did not address whether there was notice and acceptance of the modification.
We conclude that a material issue of fact exists concerning whether Martin clearly was notified of a modification in the compensation agreement. During his deposition, Martin testified that he was unaware of a change in the investment plan. He stated that he had not seen a memorandum dated April 1985, in which Golden Corral stated that it intended to discontinue the investment program and replace it with an alternate investment program of shares in a real estate investment trust. This memorandum was not signed by Martin. If the record raises even the slightest doubt that an issue of material fact might exist, summary judgment is improper. See Anderson v. Rosetree Village Ass'n, 540 So.2d 173 (Fla. 2d DCA 1989); Heuser v. Sunbelt Enter., Inc., 537 So.2d 1071 (Fla. 1st DCA 1989).
*1318 Accordingly, we reverse the summary judgment and remand for proceedings consistent with this opinion.
DANAHY, A.C.J., and ALTENBERND, J., concur.
NOTES
[1] The Fourth District Court of Appeal, in Arbogast v. Bryan, 393 So.2d 606 (Fla. 4th DCA 1981), addressed a related issue. The court held that the employee waived his rights under the employment contract when he failed to object for a period of six years to the receipt of less than one-half of all commissions with full knowledge that he allegedly was entitled to one-half. The Fourth District in dicta stated that had the employee objected, the employer could have elected not to retain the employee or negotiated other arrangements. However, this court cannot determine from the opinion whether the employee was an at-will employee.
[2] We recognize that there is a split in authority regarding acceptance of the modification. Some jurisdictions hold that if the employee is notified of the change and continues to work, he has accepted the change as a matter of law. See Gebhard v. Royce Aluminum Corp., 296 F.2d 17, 19 (1st Cir.1961); Hathaway v. General Mills, Inc., 711 S.W.2d 227, 229 (Tex. 1986). Other jurisdictions hold that if the employer notifies the employee of the change and the employee rejects the change, the employee has not accepted the modification and the employer either must fire the employee or comply with the original employment agreement. See Bartinikas, 508 F. Supp. at 961 (applying Illinois law). This court does not address this issue in this appeal, as the issue we must address is limited to the entry of the summary judgment.