Argued and submitted November 5, affirmed on appeal and reversed on cross-appeal February 9, 1994

Winifred ARCHER,
*Appellant - Cross-Respondent,*

*v.*

LETICA CORPORATION,
a Michigan corporation,
*Respondent - Cross-Appellant,*

*and*

Glenn TERRIS,
*Defendant.*

(89-2012; CA A74792)

868 P2d 770

Hank McCurdy argued the cause for appellant - cross-respondent. On the opening brief were Jeanette Bello and

Dobbins & McCurdy. With him on the reply brief were David S. Mepham and Dobbins & McCurdy.

I. Franklin Hunsaker argued the cause for respondent - cross-appellant. With him on the briefs was Bullivant, Houser, Bailey, Pendergrass & Hoffman.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

LEESON, J.

**LEESON, J.**

In this wrongful discharge case, plaintiff appeals and defendant Letica Corporation[1] cross-appeals from a jury verdict in favor of plaintiff.[2] We reverse on the cross-appeal and consequently affirm on the appeal.

■　Defendant argues on its cross-appeal that the trial court erred, as a matter of law, in denying its motion for directed verdict. We consider the evidence in the light most favorable to plaintiff. *Sivers v. R & F Capital Corp.*, 123 Or App 35, 37, 858 P2d 895 (1993). Plaintiff worked as the payroll and personnel secretary in the business office at a plant owned by defendant. Glenn Terris was the plant manager, and Mara Letica was general counsel for defendant. Shortly after Terris came to work at the plant, several women complained to plaintiff that Terris was sexually harassing them. Seven or eight women also complained to Tom Monaco, one of the floor supervisors. Monaco told plaintiff about the women's complaints. Plaintiff became concerned that Terris' sexual harassment was having a detrimental effect on the company.

On September 20, 1988, during a telephone conversation with Letica, plaintiff reported her concerns. Monaco was in plaintiff's office during that telephone conversation and told plaintiff to give Letica his name and to tell her that he had the names of the women who had complained to him.[3] Later the same day, Letica asked plaintiff to think over whether to initiate an investigation of the alleged sexual harassment. Letica told plaintiff that she would not report the allegations to anyone higher in the corporation until plaintiff had had the opportunity to think it over. Plaintiff called Letica the next day and stated that she felt there should be an investigation, and that she had informed Terris of the

---

[1] Plaintiff's claim against defendant Terris and his counterclaim against plaintiff were dismissed with prejudice and are not before us.

[2] Plaintiff appealed the trial court's order setting aside the award of punitive damages.

[3] Monaco later signed a statement indicating that Terris had never engaged in any sexual harassment or created a hostile work environment. He later retracted that statement, saying that he had signed it under duress, because he was afraid that if he did not do so he would be fired. He was fired one day after signing the statement.

other women's complaints during a conversation the previous evening.

On September 22, defendant's manufacturing executive telephoned Terris. During the conversation, Terris spoke in an angry, raised voice and afterwards abruptly left the office. When he returned later that day, he fired plaintiff. He told her that he was firing her because she went over his head to the corporate officers.

Plaintiff filed a claim for common law wrongful discharge. The parties went to trial. At the close of all the evidence, defendant moved for directed verdict. The trial court denied the motion. On its cross-appeal, defendant assigns error to that ruling.

■ In order to prevail on a common law claim for wrongful discharge, plaintiff must show that she was terminated for exercising an employment-related right, or for complying with or fulfilling a public duty. *Holien v. Sears, Roebuck and Co.*, 298 Or 76, 90, 689 P2d 1292 (1984). In this case, plaintiff did not argue that she was terminated for exercising an employment-related right.[4] Therefore, the sole question is whether she has shown that she was terminated for performing a public duty.

■ Plaintiff testified that she reported the harassment because she was afraid that, if it continued, the company would be sued, lose money, have to close the plant where she worked, and that she would then lose her job. Plaintiff identified no public duty she sought to perform by reporting the alleged sexual harassment of other employees to Letica. *See Sieverson v. Allied Stores Corp.*, 97 Or App 315, 776 P2d 38, *rev den* 308 Or 382 (1989). The trial court erred by denying defendant's motion for directed verdict.

Because of our disposition of the cross-appeal, we need not address plaintiff's arguments on appeal.

Affirmed on appeal; reversed on cross-appeal.

---

[4] Plaintiff did not allege that she herself suffered a hostile work environment.