PER CURIAM.
Appellant, Rolando Recio (claimant), appeals from an order of Appellee, Florida Unemployment Appeals Commission, affirming the denial of unemployment compensation benefits. We disagree with the conclusion that claimant left his employment without good cause and reverse.
The basic facts of this case were outlined in this court’s first opinion in Recio v. Kent Sec. Servs., Inc., 683 So.2d 164 (Fla. 3d DCA 1996), and will not be repeated here. Upon remand from this court, a new hearing was conducted wherein claimant introduced his pay stubs and an earnings summary prepared from them, which demonstrated that his wages were reduced in April 1993.
In July 1997, the appeals referee again issued a decision reversing the decision of the claims adjudicator. The referee found that “[i]f the claimant had left [work] in April 1993, he would have had good cause attributable to the employer. However, the claimant accepted the new conditions and the employer never reduced the claimant’s wages again during the following year.” Accordingly, the referee concluded that claimant had voluntarily left his employment without good cause as he acquiesced to the reduction in his salary for approximately one year before quitting. In December 1997, the- Unemployment Appeals Commission (UAC) affirmed this decision.
The legal issue in this appeal centers on whether the UAC wrongfully denied claimant unemployment benefits to which he was entitled. The purpose of Florida’s Unemployment Compensation Law is remedial and the law generally must be liberally construed in favor of claimants. See § 443.031, Fla. Stat. (1993). An employee is disqualified from unemployment benefits only if he or she has voluntarily left work without good cause attributable to the employer. See § 443.101(l)(a), Fla. -Stat. (1993). The standard of review is whether the conclusion of the appeals referee, finding that claimant had acquiesced to the reduction in his salary and therefore voluntarily left work without “good cause,” was supported by competent substantial evidence. See Madison v. Williams Island Country Club, 606 So.2d 687, 688 (Fla. 3d DCA 1992); Kan v. P.G. Cook Associates, 566 So.2d 932, 933 (Fla. 3d DCA 1990).
“Good cause” for quitting employment, as contemplated by the unemployment compensation law, describes that which would drive an average, able-bodied worker to quit his' or her job. See Spangler v. Unemployment Appeals Comm’n, 632 So.2d 98, 99 (Fla. 5th DCA 1994); Platt v. Unemployment Appeals Comm’n, 618 So.2d 340 (Fla. 2d DCA 1993); Kan. The appeals referee found, and the UAC concedes, that claimant would have had “good cause” to quit at the time of the salary reduction. See LeCroy v. Unemployment Appeals Comm’n, 654 So.2d 1054, 1056 (Fla. 1st DCA 1995)(5% decrease in claimant’s pay afforded good cause attributable to employer for leaving employment); see also Poppe v. Eclectic Bus. Machs., Inc., 661 So.2d 65, 67 (Fla. 2d DCA 1995). Accordingly, the propriety of the disqualification for benefits herein rests upon the legal conclusion that claimant “acquiesced” in this reduction by remaining on the job for another year before quitting.
“Basic contract principles govern modifications to employment-at-will contracts. The party asserting a modification must prove (1) notice of the change and (2) acceptance of the change.” Martin v. Golden Corral Corp., 601 So.2d 1316, 1317 (Fla. 2d DCA 1992). There is no legal presumption in Florida that an employee acquiesces in a reduction in pay simply by remaining on the job. See id. at 1317 n. 2. Claimant does not dispute that he was notified at the time of his pay reduction. Rather, he contends that he only remained on the job after the change in his salary due to representations that the employer would try to find him another, higher paying position. The employer’s witness corroborated this by testifying that they continued to try to find work *322 for claimant which would pay more. In our view claimant did exactly what the unemployment law encourages: he remained on the job and gave his employer of six and one half years an opportunity to fulfill his expectation that his salary would be returned to a higher level. This record simply does not support the referee’s conclusion that claimant left work without good cause based upon an “acceptance” of the reduction in salary.
As we find this issue determinative, we do not reach claimant’s remaining argument. The order of the UAC disqualifying claimant from receiving benefits is reversed and remanded for further proceedings consistent with this opinion.