370 So.2d 1209 (1979)
BOARD OF COUNTY COMMISSIONERS, CITRUS COUNTY, Petitioner,
v.
FLORIDA DEPARTMENT OF COMMERCE, DIVISION OF EMPLOYMENT SECURITY, and Robert C. Britt, Respondents.
No. 78-842.
District Court of Appeal of Florida, Second District.
May 9, 1979.
John F. Wendel, County Atty., and Charles P. Chritton of Wendel, Broderick & Chritton, Lakeland, for petitioner.
Alex D. Littlefield, Jr., State of Florida Dept. of Commerce, Tallahassee, for respondents.
SCHEB, Judge.
An unemployment compensation appeals referee found that claimant Robert C. Britt was ineligible to receive unemployment benefits. The Board of Review of the Department of Commerce reversed and held that Britt was entitled to benefits.[1] This petition for review by the county followed. We grant the county's petition, and reinstate *1210 the decision of the appeals referee finding Britt ineligible for benefits.
Robert Britt became the landfill director of Citrus County in October 1974. Britt quit his job at a county commission meeting on April 19, 1977, in the face of accusations that he ordered, or at least permitted, county employees to perform services for him at his personal residence. Britt subsequently applied for unemployment benefits, but his application was denied. Britt then obtained a hearing before an appeals referee of the Department of Commerce.
The appeals referee heard the testimony of Britt and Larry Haag, an assistant county attorney. Pertinent portions of the transcript of the county commission meeting of April 19, 1977, were received into evidence.
The evidence before the appeals referee revealed that during April 1977 Walter Bunts, the chairman of the county commission, was told that several county employees had installed a CB antenna at Britt's personal residence during working hours. Chairman Bunts and attorney Haag conducted an informal investigation into the matter. At the next county commission meeting on April 19 Britt was informed of the allegations against him. The county attorney explained Britt's due process rights under the county's personnel rules, and the commission's options in pursuing the matter. The county attorney suggested that the commission consider suspending Britt, which would require a public hearing on the matter. Britt then asked to speak. A colloquy involving Britt, the county attorney, and the commissioners ensued. Britt stated that he wished to waive all the due process procedures, and added: "I come before the Board on my own volition and say, gentlemen, I am guilty, fire me now, and end it." The county attorney and commissioners attempted to dissuade Britt from this position, and encouraged him to avail himself of his right to a public hearing. However, Britt was adamant, and the commission finally voted to dismiss him.
Before the appeals referee Britt explained that he had insisted on his termination at the commission meeting in order to protect others. He stated that he had hired a private contractor to install the antenna at his personal residence, and that unbeknownst to him county employees had assisted the contractor on the job. He admitted that he was remiss in not disciplining the employees when he later found out about their activities, but adamantly denied that he had instructed them to perform the work at his residence.
The appeals referee found that Britt was not discharged by the county for misconduct, but that he was nevertheless ineligible for unemployment benefits because he had "voluntarily left his employment without good cause attributable to the employer." The Board of Review agreed that Britt had not been discharged for misconduct, but held that the appeals referee erred in finding that Britt had voluntarily left his employment. Specifically, the Board of Review found:
[C]laimant's request to be terminated was submitted under emotional stress during a public meeting before the Board of County Commissioners. Under the circumstances, the claimant was not discharged for any act, omission, or course of conduct which can be characterized as misconduct and he did not voluntarily leave employment without good cause within the meaning of § 443.06(1), F.S.
Thus under the Board of Review's decision Britt would be entitled to benefits.
The county argues that the appeals referee was correct in finding that Britt had voluntarily left his job without good cause, and that the Board of Review erred in overturning this decision. We must agree. Irrespective of Britt's motivation in asking to be terminated, it is clear that at the time he appeared before the county commission he knew of the accusations the county was prepared to make against him. Moreover, it is equally clear that Britt was fully advised that he could avail himself of a hearing at which he would have an opportunity to reply to these accusations. Understandably, Britt may have been emotionally upset at the time of his appearance before the county commission; however, this cannot relieve him of *1211 the responsibility for his acts. When an employee, in the face of allegations of misconduct, chooses to leave his employment rather than exercise his right to have the allegations determined, such action supports a finding that the employee voluntarily left his job without good cause. Quick v. North Central Florida Community Mental Health Center, 316 So.2d 301 (Fla.1st DCA 1975). The appeals referee is the factfinder in respect to unemployment compensation benefits, and where there is substantial, competent evidence to support his findings his decision must be upheld. Department of Commerce v. Dietz, 349 So.2d 1226 (Fla.2d DCA 1977). Accordingly, the Board of Review erred in reversing the finding of the appeals referee.[2]
The county further argues that both the appeals referee and the Board of Review erred in holding that Britt was not discharged for misconduct. Since we have held that Britt voluntarily left his job without good cause and thus is not entitled to benefits, it is not necessary that we determine this point. However, we note that Britt admitted that he made no effort to report the employees' activities to his superiors or to rectify the matter in any way when he learned that they had aided in the installation of the antenna. This behavior falls far short of the legal and moral standards which our citizens are entitled to expect from their governmental officials and employees. See generally § 112.313(6), Fla. Stat. (1977); City of Clearwater v. Garretson, 355 So.2d 1248 (Fla.2d DCA 1978).
We quash the decision of the Board of Review and reinstate the appeals referee's decision finding Britt ineligible for unemployment compensation.
BOARDMAN, Acting C.J., and OTT, J., concur.
NOTES
[1] The Board of Review within the Department of Commerce exercises the power of review formerly vested in the Industrial Relations Commission. § 20.17, Fla. Stat. (1977). Judicial review of the Board's orders is provided by Section 443.07(4)(e), Florida Statutes (1977), and Florida Rule of Appellate Procedure 9.110.
[2] The Department of Commerce has acknowledged in its brief that the appeals referee's holding that Britt voluntarily left his employment without good cause attributable to his employer was supported by competent, substantial evidence, and should have been affirmed by the Board of Review. In view of the Department's position we gave respondent Britt, who had not previously appeared in this proceeding, an opportunity to file a brief in his own behalf. However, Britt did not avail himself of this opportunity.