412 So.2d 912 (1982)
Pedro ARREDONDO, Appellant,
v.
JACKSON MEMORIAL HOSPITAL and Department of Labor and Employment Security, State of Florida, Unemployment Appeals Commission, Appellee.
No. 81-2172.
District Court of Appeal of Florida, Third District.
April 6, 1982.
Rehearing Denied May 5, 1982.
*913 Pedro Arredondo, in pro. per.
James R. Parks and Norman A. Blessing, Tallahassee, for appellee.
Before HENDRY, BASKIN and JORGENSON, JJ.
PER CURIAM.
This is an appeal from an order of the Unemployment Appeals Commission affirming the decision of the Appeals Referee. The Referee's decision was supported by the following findings of fact and conclusions of law:
"FINDINGS OF FACT: Claimant became employed by the operator of a hospital as a computer operator in February, 1981. His assigned hours of work were from 12 midnight to 12 noon Thursday through Sunday. During the course of the claimant's employment the claimant found that he had difficulty sleeping during the day. The claimant also found that he had difficulty sleeping during the day when he worked the same shift for approximately one year before he took this employment. The claimant was also dissatisfied with the employer's pay differential for the shift and for these reasons he notified his employer that unless both conditions were corrected that he would leave his employment. When the conditions were not corrected the claimant decided to leave his employment on April 19, 1981, and he tendered his resignation at that time.
CONCLUSIONS OF LAW: The Unemployment Compensation Law provides that an individual shall be disqualified for benefits if he has voluntarily left his employment without good cause attributable to his employer.
The record and evidence of the instant case clearly show that the claimant voluntarily left his employment on April 19, 1981. It has further been shown that he took such action because he was dissatisfied with his working hours and the pay differential. To this extent, the claimant testified that he left his employment for a valid medical reason and submitted some medical documentation to that extent. The law does provide that an individual may leave employment with good cause if there is a bona fide medical condition demanding that that individual become separated from the employment. In the instant case, however, the claimant demonstrated that he worked on the third shift for at least a year and during which time he earned the wage credits of his claim and suffered from the same basic effects. Although the claimant clearly had some difficulty in working at nights because he could not adjust to the sleep routine and had migraine headaches it has not been shown that he was furnished with a compelling and necessitous reason to leave his employment based upon the evidence presented. The claimant's letter of resignation clearly states that he was dissatisfied with the shift as a whole and the pay differential which was apparently the reason that he left his employment at the time. Based on the foregoing, it is *914 concluded that the claimant voluntarily left his employment without good cause attributable to his employer, within the meaning of the law."
There is competent substantial evidence in the record and a reasonable basis in law to support the findings and conclusions of the Appeals Referee, adopted by the Commission, that claimant voluntarily left his employment without good cause attributable to his employer, within the meaning of Section 443.101(1), Florida Statutes. Therefore we must reject appellant's contentions and affirm the order appealed.
Affirmed.