516 So.2d 88 (1987)
Dexter A. GLENN, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION, Appellee.
No. 87-912.
District Court of Appeal of Florida, Third District.
December 8, 1987.
Wilson E. Hodge, Homestead, for appellant.
Donna Erlich, Tallahassee, for appellee.
Before HENDRY, HUBBART and NESBITT, JJ.
*89 PER CURIAM.
We have for our consideration an appeal of an order of the Florida Unemployment Appeals Commission. The order appealed reversed the decision of an appeals referee that the claimant, Dexter A. Glenn, was qualified for unemployment benefits.
The issues presented for our determination and the contentions of the parties are set forth in the order of the appeals commission which states, in pertinent part, as follows.
The issue before the Commission is whether the claimant voluntarily left employment without good cause attributable to the employer or was discharged by the employer for misconduct connected with work within the meaning of section 443.101(1), Florida Statutes.
The appeals referee made the following findings of fact:
The claimant became employed by the employer in December, 1978. The claimant last held the position of treatment plant operator I. In June, 1984, the claimant was arrested for his failure to display his drivers license on demand. As a result of the arrest, the claimant was sent to counseling. The claimant was under psychotherapeutic care from September, 1984 through April, 1985, at which time it was felt that he had successfully completed the treatment. It was recommended that the claimant contact the office for a follow-up visit. In the claimant's evaluation in June, 1985, the claimant was advised that he needed improvement in his interpersonal skills. The claimant was advised that he should continue to put forth effort in controlling his emotions and temperament while working with fellow employees and peers. On May 28, 1986, one of the claimant's co-workers accused the claimant of trying to run him over with his truck. On May 29, 1986, because of the claimant's prior history, the claimant was suspended with pay pending the outcome of an investigation. The claimant did not try to run over the co-worker with his truck. On May 29, 1986, the claimant was advised by one of the plant superintendents at another plant, he was being suspended and should leave the premises. The claimant refused because he felt it was his responsibility to perform his duties. When the claimant did not leave the premises, the police were called and the claimant was arrested for trespassing. The claimant was told to call in on a daily basis, which he did. The claimant was told to report to the office on June 12, 1986. At that time, the claimant was given a disciplinary action report. The claimant was advised that his dismissal was being recommended based upon the last incident. On July 12, 1986, the claimant was discharged for being offensive in his conduct towards his fellow employees and for conduct unbecoming an employee of the county.
Based on the above findings, the referee concluded that the claimant was discharged for reasons other than misconduct connected with his work. The referee's decision is not supported by the record and is, accordingly, reversed.
The claimant was provided with a copy of a disciplinary action report on June 12, 1986, recommending his dismissal from employment. That document further provided that the claimant could respond orally or in writing to the charges against him and that his response would be made a part of the report to be considered prior to a final determination regarding the recommendation. The letter discharging the claimant from employment was issued only after the claimant declined to take any action regarding the dismissal recommendation. The letter of dismissal also informed the claimant that he had certain post-termination appeal rights which he declined to exercise.
Whenever feasible, an individual is expected to expend reasonable efforts to preserve his employment. The average, prudent person in the claimant's situation would have made a good faith effort to defend himself against a discharge recommendation when afforded that opportunity. In allowing his dismissal to be implemented forthwith because he *90 would not appropriately acknowledge or respond to the disciplinary action report recommendation, the claimant chose not to avail himself of an accessible avenue by which he might have retained his employment. Under those circumstances, it must be concluded that the claimant voluntarily relinquished his position without good cause attributable to the employer within the meaning of section 443.101(1)(a), Florida Statutes. See Board of County Commissioners, Citrus County v. Florida Department of Commerce, 370 So.2d 1209 (Fla. 2d DCA 1979); Quick v. North Central Florida Community Mental Health Center, 316 So.2d 301 (Fla. 1st DCA 1975).
The decision of the appeals referee is reversed.
We have considered the findings of fact and decisions of the appeals referee and the appeals commission in the light of the record and the controlling decisions of the courts of Florida and have concluded that the order of the appeals commission is correct and should be affirmed.
Affirmed.