537 So.2d 201 (1989)
Patricia G. KRALJ, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION and Coca-Cola Company, Appellees.
No. 88-657.
District Court of Appeal of Florida, Second District.
January 20, 1989.
Suzanne Harris of Florida Rural Legal Services, Inc., Bartow, for appellant.
John D. Maher, Tallahassee, for appellee Florida Unemployment Appeals Com'n.
THREADGILL, Judge.
This appeal is from a decision of the Unemployment Appeals Commission finding the claimant ineligible for unemployment compensation benefits. The Commission reversed an appeals referee, holding *202 that the claimant did not demonstrate that she took all reasonable steps to remedy her work situation before quitting. Because the reasonableness of the steps to be taken is, in the absence of written standards, an issue to be resolved by the finder of fact, we reverse the order of the Commission.
Patricia Kralj was employed by the Coca-Cola Company after two preliminary interviews. The record reflects that she was assured in her initial interview that it would be no problem for Coca-Cola to match her previous salary of $24,000, and in the second interview that she would reach that pay level within one year. In reliance on these promises, Ms. Kralj accepted employment and began work on September 25, 1986.
Ms. Kralj worked for Coca-Cola from September 25, 1986, until September 17, 1987. During her employment, she received one raise which increased her annual salary to $17,600. The record reflects that on more than one occasion Ms. Kralj approached her immediate supervisor about the salary discrepancy. The supervisor testified that he checked with the personnel department, and was told that the appellant would receive no further increases as she was already receiving the highest salary available for her classification. This information was relayed to Ms. Kralj, who gave notice and left her employment.
A claim for unemployment compensation benefits by Ms. Kralj was denied after the initial claims examiner determined that she had voluntarily quit without good cause attributable to the employer. Ms. Kralj appealed this decision; there was an evidentiary hearing and an appeals referee reversed the decision of the claims examiner, finding that the resignation was for good cause attributable to the employer. Coca-Cola appealed the decision of the referee and the Unemployment Appeals Commission reversed, finding that while the employer may have breached the employment agreement the claimant "did not demonstrate that she took all reasonable steps available to her to remedy her situation." Ms. Kralj filed a timely notice of appeal.
The cases cited by the Commission for the proposition that a worker must make a reasonable effort to preserve employment or forfeit entitlement to benefits may be distinguished in two respects. First, in each of the cited cases the employee had been accused of some misconduct. Second, and perhaps more significantly, the employee had not exhausted an established grievance procedure. See Board of County Commissioners, Citrus County v. Florida Department of Commerce, 370 So.2d 1209 (Fla. 2d DCA 1979); Beard v. State Department of Commerce, 369 So.2d 382 (Fla. 2d DCA 1979); Glenn v. Florida Unemployment Appeals Commission, 516 So.2d 88 (Fla. 3d DCA 1987); Klesh v. Unemployment Appeals Commission, 441 So.2d 1126 (Fla. 1st DCA 1983); Quick v. North Central Florida Community Mental Health Center, 316 So.2d 301 (Fla. 1st DCA 1975). Here the record indicates that Ms. Kralj had been considered an excellent employee and that there was no established procedure for resolution of such problems.
We note that the employer did not dispute that Ms. Kralj was told she would be earning $24,000 annually by the end of her first year with Coca-Cola. The appeals referee thus found that Coca-Cola had breached the employment agreement with the employee, that she had tried to rectify the situation, and that her resignation was for good cause attributable to the employer. The Commission argues that Ms. Kralj had a duty to go beyond her supervisor to attempt to remedy this problem, but the record does not reflect that there was another avenue available for her to do so.
Because we find that the reasonableness of the efforts to rectify is a matter for the finder of fact, we reverse the decision of the Unemployment Appeals Commission, and reinstate the order of the appeals referee finding Ms. Kralj eligible for unemployment compensation benefits.
REVERSED.
CAMPBELL, C.J., and DANAHY, J., concur.