566 So.2d 932 (1990)
Ruben KAN, Appellant,
v.
P.G. COOK ASSOCIATES and Florida Unemployment Appeals Commission, Appellees.
No. 90-1181.
District Court of Appeal of Florida, Third District.
September 18, 1990.
*933 Ruben Kan, in pro. per.
John D. Maher, Tallahassee, for appellees.
Before NESBITT, BASKIN and GODERICH, JJ.
BASKIN, Judge.
Ruben Kan appeals an order of the Florida Unemployment Appeals Commission [Commission] reversing the decision of the appeals referee and denying him unemployment compensation benefits. We reverse.
P.G. Cook Associates [Cook] employed Kan to assemble bicycles and toys, paying him by the completed piece. According to Kan, Cook stated that Kan would be able to assemble three bicycles per hour, but did not guarantee payment of a minimum number of pieces, or a specific salary. Kan was unable to assemble three pieces per hour. He requested additional instruction on numerous occasions; he received the initial 80 hours training, but not the extra training he had been told he would receive. Because his inability to assemble three pieces an hour resulted in low earnings, Kan quit his job. When he applied for unemployment compensation, he was denied benefits. An appeals referee reversed that decision, finding that Kan's reasons for terminating his employment were based on good cause attributable to his employer and that he was entitled to compensation. The referee found that Kan had been promised additional training to enable him to assemble three pieces an hour and earn approximately seven dollars per hour, instead of the two dollars and fifty cents per hour he received. The referee concluded that Kan had established that he had such cause as "would reasonably impel the average able-bodied qualified worker to give up his or her employment." Uniweld Prod., Inc. v. Industrial Relations Comm'n, 277 So.2d 827, 829 (Fla. 4th DCA 1973).
Cook appealed to the Commission, which reversed the appeals referee's decision. The Commission relied on the fact that Kan had not been guaranteed a wage, and on Cook's statement on the back of Florida Unemployment Compensation Notice to Employer Form that the initial 80 hours of instruction should have trained Kan to assemble three pieces an hour. The Commission ruled that under these circumstances Kan voluntarily left his employment without good cause attributable to the employer. Kan instituted this appeal.
The appeals referee is the fact finder in a hearing to determine eligibility for unemployment compensation benefits. Smith v. Krugman-Kadi, 547 So.2d 677 (Fla. 1st DCA 1989), review denied, sub nom. Unemployment Appeals Comm'n v. Smith, 558 So.2d 20 (Fla. 1990); Board of County Comm'rs, Citrus County v. Florida Dept. of Commerce, Div. of Employment Sec., 370 So.2d 1209 (Fla. 2d DCA 1979). The decision of an appeals referee must be affirmed if it is supported by competent substantial evidence. Hines v. Department of Labor & Employment Sec., 455 So.2d 1104 (Fla. 3d DCA 1984); Sanchez v. Dept. of Labor & Employment Sec., State of Fla., Unemployment Appeals Comm'n, 411 So.2d 313 (Fla. 3d DCA *934 1982); Krugman-Kadi; see Tucker v. Florida Dept. of Commerce, 366 So.2d 845 (Fla. 1st DCA 1979).
The referee heard testimony and considered the evidence before reaching a decision.[1] Sufficient evidence supports her findings. See Rosa v. Jefferson's Stores, Inc., 421 So.2d 818 (Fla. 4th DCA 1982). The Commission may not reweigh the evidence or reverse a decision supported by competent substantial evidence. Forkey & Kirsch, P.A. v. Unemployment Appeals Comm'n, 407 So.2d 319 (Fla. 4th DCA 1981).
Reversed and remanded for entry of an order in accordance with the referee's findings.
NOTES
[1] Cook did not appear at the referee's hearing.