PER CURIAM.
The appeals referee’s conclusions that the appellant “left [her] employment with good cause attributable to the employer” [e.s.], see § 443.101(1)(a), Fla.Stat. (1989), having made all reasonable efforts to preserve her employment, Glenn v. Florida Unemployment Appeals Commission, 516 So.2d 88 (Fla. 3d DCA 1987), are supported by substantial competent evidence and the applicable law. See Kan v. P. G. Cook As *678 socs., 566 So.2d 932 (Fla. 3d DCA 1990); Kralj v. Florida Unemployment Appeals Comm’n, 537 So.2d 201 (Fla. 2d DCA 1989); Glenn, 516 So.2d at 88. The commission therefore improperly set them aside. Kan, 566 So.2d at 932; see Florida Industrial Comm’n v. Ciarlante, 84 So.2d 1 (Fla.1955); Perez v. State Dep’t of Labor & Employment, 377 So.2d 806 (Fla. 3d DCA 1979). Consequently, the order under review denying unemployment compensation benefits is reversed and the cause is remanded with directions to afford the appellant the benefits claimed.
Reversed.