PER CURIAM.
We reverse the order of the Unemployment Appeals Commission because the Commission erred in reversing the finding of the appeals referee. While the appeals referee determined that appellee had been terminated when the employer failed to include him on the regular employee shift assignments, the Board found that he had not been terminated then but was terminated later for cause when he failed to show up at a meeting with the employer to discuss the situation. There was substantial competent evidence to support the referee’s conclusion that appellant was terminated at the earlier date. The U.A.C. cannot reweigh the evidence or reverse the referee when her decision is based on substantial competent evidence. See Forkey & Kirsch, P.A. v. Unemployment Appeals Comm’n, 407 So.2d 319 (Fla. 4th DCA 1981) and Citrus Central v. Detwiler, 368 So.2d 81 (Fla. 4th DCA 1979).
We therefore reverse and remand with instructions to reinstate the appeals referee’s decision.
DOWNEY, LETTS and WARNER, JJ., concur.