PER CURIAM.
After hearing, the appeals referee determined that Iglesias was entitled to unemployment compensation benefits. He concluded as follows:
The record shows that the claimant voluntarily left his employment on April 1, 1991 after receiving no response from his March 19, 1991 letter. The claimant when initially hired was told that he would be helping the branch manager in soliciting a new client base for the bank. In November 1990 the claimant had to assume additional duties because the branch manager was let go. The claimant’s repeated request of his supervisor for additional help fell on deaf ears. The claimant has attempted on numerous occasions to resolve his problem with the employer. The claimant finally reduced his position to a writing on March 19, 1991. After a reasonable time with no response from the employer the claimant submitted his resignation on April 1, 1991. The employer’s disregard for the claimant’s requests and promises at the initial time of hire would give the claimant good cause for leaving his employment. Accordingly, it must be held that the claimant voluntarily left his employment with good cause attributable to the employer.
The employer’s contention that the claimant was not doing a responsible job at the branch is highly suspect. The employer left the claimant in charge of the branch without a branch manager for over six months. For these reasons and considering the demeanor of the witnesses the referee chooses the claimant’s testimony as more credible whenever conflicts occur.
On this appeal from the Unemployment Appeals Commission’s reversal of this decision, it is enough to adopt our opinion in Diaz v. Winn-Dixie Stores, Inc., 587 So.2d 677 (Fla. 3d DCA 1991):
The appeals referee’s conclusions that the appellant “left [his] employment with good cause attributable to the employer” [e.s.], see § 443.101(1)(a), Fla.Stat. (1989), having made all reasonable efforts to preserve her employment, Glenn v. Florida Unemployment Appeals Commission, 516 So.2d 88 (Fla. 3d DCA 1987), are supported by substantial competent evidence and the applicable law. See Kan v. P. G. Cook Assocs., 566 So.2d 932 (Fla. 3d DCA 1990); Kralj v. Florida Unemployment Appeals Comm’n, 537 So.2d 201 (Fla. 2d DCA 1989); Glenn, 516 So.2d at 88. The commission therefore improperly set them aside. Kan, 566 So.2d at 932; see Florida Industrial Comm’n v. Ciarlante, 84 So.2d 1 (Fla.1955); Perez v. State Dep’t of Labor & Employment, 377 So.2d 806 (Fla. 3d DCA 1979). Consequently, the order under review denying unemployment compensation benefits is reversed and the cause is remanded with directions to afford the appellant the benefits claimed.
Reversed.