PER CURIAM.
The Unemployment Appeals Commission [UAC] reversed a referee’s finding that appellant Copp had been discharged without cause. It ordered that Copp’s benefits be denied. For reasons which follow, we find that the UAC erred in so ruling and reverse its order.
The UAC order quotes the referee’s findings of fact, and so we set out the referee’s findings in full:
The claimant began working for the employer as an automobile parts puller on November 20, 1990. Approximately May 1, 1991, the employer became concerned that the claimant was taking an erratic lunch break. On some days, the claimant would take lunch at 2:00 p.m. and on other days the claimant would take a lunch at 3:00 p.m. Further, the claimant was taking these lunch breaks without notifying the owner or others as to when he was going to take the lunch breaks. The lunch breaks were being taken when his wife would come by the shop to join the claimant for lunch. The owner was concerned about the fact that the claimant was not accountable for his time. Approximately May 5, 1991, the owner told the claimant that his lunch break from here on out would begin at 1:00 p.m. and would end at 2:00 p.m. with no exceptions. The claimant was not to leave before 1:00 p.m. nor could the claimant return from lunch one minute after 2:00 p.m. The owner made this statement in front of all the other employees. The claimant felt that the owner was being degrading to the claimant in front of other workers but the claimant agreed to comply with the owner’s demands regarding his lunch hour. The claimant was paid on an hourly basis. On May 10,1991, the claimant was work *88 ing and at 12:45 p.m. a customer came in and asked the claimant to find a Toyota alternator for his vehicle. The claimant made a diligent search throughout the yard but was unable to find a Toyota automobile. At 1:10 p.m., the claimant told the customer he was unable to locate the Toyota alternator. The customer then informed the claimant that the customer had told the owner that what he needed was a Datsun alternator and not a Toyota alternator. The claimant then told the customer that since the claimant was on his lunch break that the customer would have to wait until 2:00 p.m. when the claimant would get off lunch before the claimant could begin searching for the Datsun alternator. The customer left the claimant. Apparently, the customer told the owner that the claimant was on lunch and would not find the Datsun alternator for him. At 1:40 p.m., the owner came to the claimant and gave the claimant the Datsun alternator order and told the claimant to go and immediately find the alternator. The claimant reminded the owner that he was on his lunch hour and that he would not pull it right away but he would do the work when he finished his lunch hour. The owner informed the claimant that if he was not going to immediately get the Datsun alternator that he could leave. The claimant asked the owner if that meant he was going to be permanently let go and the owner told him yes. After packing up his tools and belongings, the claimant left the facility at approximately 2:15 p.m. [sic]
Upon the foregoing facts, the referee found that Copp was discharged for reasons other than misconduct and concluded that Copp was therefore eligible for unemployment benefits.
The UAC disagreed, explaining that the referee’s decision was not supported by the record. The UAC conclusion is based on its view of the evidence that Copp in fact chose to quit, focusing on the ultimatum which Copp faced on May 10, 1991. It ignores the referee’s implicit factual finding that the employer’s last order conflicted with the earlier mandate to maintain a rigid lunch hour from 1:00 to 2:00 p.m. In other words, the referee found that Copp could not comply with the one order unless he disobeyed the other.
Like any finder of fact, the referee is charged with considering all of the evidence, resolving factual conflicts, judging credibility of witnesses, and reaching ultimate findings of fact. Heifetz v. Department of Business Regulation, 475 So.2d 1277 (Fla. 1st DCA 1985). The referee’s conclusion has support in the cases. See LeDew v. Unemployment Appeals Commission, 456 So.2d 1219, 1223 (Fla. 1st DCA 1984) (claimant may be deemed discharged if words and actions of employer would logically lead prudent person to believe that employment tenure had been terminated).
The UAC has the authority to reverse the factual findings of a referee, but only when there is no evidence to support the referee’s finding. Smith v. Florida Unemployment Appeals Commission, 588 So.2d 324 (Fla. 4th DCA 1991). There is record evidence to support the referee’s findings in this case; hence we find that the UAC has exceeded its authority.
We therefore reverse and remand with instructions to reinstate the referee’s decision.
REVERSED AND REMANDED WITH DIRECTIONS.
GLICKSTEIN, C.J., FARMER, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.