618 So.2d 340 (1993)
Paul J. PLATT, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION and Club at Pelican Bay, Inc., Appellees.
No. 92-03442.
District Court of Appeal of Florida, Second District.
May 14, 1993.
Appellant pro se.
John D. Maher of Unemployment Appeals Com'n, Tallahassee, for Unemployment Appeals Com'n.
FRANK, Judge.
Paul J. Platt challenges the decision of the unemployment appeals commission affirming the appeal referee's denial of unemployment benefits. We disagree with the conclusion that Platt left his employment without good cause and we reverse.
Platt worked as a locker room attendant at the Club at Pelican Bay, a private golf and tennis club, where he earned a salary of $300 per week. Platt and one other attendant were responsible for monitoring the men's locker room from approximately 7:00 a.m. until 7:00 p.m. daily. During the peak hours of noon until 4:00 p.m. each *341 day, both attendants were required to be present at the locker room. In November 1991, at the start of the winter season, use of the Pelican Bay's facilities increased, forcing Platt to work seventy to eighty hours per week. He informed his supervisor that he and his fellow attendant needed help in the locker room. The supervisor agreed and promised the hiring of additional help, but none was provided. Platt left the job on January 4, 1992. On that day Platt had worked sixty-four days, including holidays, without a full day off.
Platt applied for, but was denied, unemployment compensation benefits. The appeals referee affirmed the determination of the claims adjudicator, concluding as follows:
The evidence presented shows that the claimant was allowed to set his own hours of work, within given perimeters [sic]. Although the claimant felt compelled by the employer to work approximately 70 hours per week, there was no evidence presented that the employer required the claimant to work that number of hours. When the claimant complained about the hours to the employer, the employer told the claimant that they would hire additional help. The evidence presented shows that the claimant was a conscious [sic] and industrious employee[;] however, there was no testimony or evidence presented that the employer compelled such behavior from the claimant. Even if viewed in a light most favorable to the claimant, it cannot be said that the reason for the claimant's leaving of this employment was attributable to the employer. Consequently, it must be held that the claimant voluntarily left employment with this employer but not for good cause attributable to the employing unit. (emphasis added).
Although we accept the appeals referee's findings of fact, we reject the legal conclusion that Platt abandoned his job without good cause attributable to the employer. The expression "good cause," as it is contemplated by Florida's Unemployment Compensation Law, describes that which would impel the average ablebodied qualified worker to quit his or her job. Marcelo v. Department of Labor and Employment Sec., 453 So.2d 927 (Fla. 2d DCA 1984). In our view, the present factual setting reveals working conditions which, if not reformed by the hiring of additional employees, would cause a reasonable worker to quit. We note, for instance, that Platt's fellow attendant at the golf club quit the locker room on the same day as Platt and for similar reasons. We agree with Platt's assessment that the failure of Pelican Bay to secure extra staff during the peak of the winter season created an intolerable condition of employment and provided him with good cause to leave. See Iglesias v. Eagle National Bank of Miami, 598 So.2d 262 (Fla. 3d DCA 1992) (claimant whose "repeated requests for additional help fell on deaf ears" quit his job for good cause attributable to employer).
We reverse the order under review and remand with directions to accord Platt unemployment compensation benefits.
RYDER, A.C.J., and ALTENBERND, J., concur.