632 So.2d 98 (1994)
Jerline SPANGLER, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION, Appellee.
No. 93-1090.
District Court of Appeal of Florida, Fifth District.
February 4, 1994.
Calvin J. Faucett, Orlando, for appellant.
John D. Maher, Tallahassee, for appellee.
W. SHARP, Judge.
Spangler appeals from the Unemployment Appeals Commission's denial of her unemployment compensation claim. The hearing officer determined that the conditions in a large storage area in which Spangler was required to work were unsanitary, and that no employee should be required to work in such conditions. However, the hearing officer concluded Spangler was not entitled to unemployment compensation because she did not allow her employer sufficient time to remedy the situation. The Commission affirmed. Based on this record, we reverse.
At the hearing, Spangler established she was working at a Wal-Mart store as a nightreceiving stocker. She helped unload trucks and stock the store with merchandise. During December and January (1991-92) she was required to move overstocked goods that had been stored in a large room for more than two years. The cartons were covered with rodent droppings, blood and urine. She developed a rash and upper respiratory illness, which she thought had been caused by the unsanitary conditions.
Later one evening, she was asked to work in the storage area again. She complained about the conditions in the work area. She asked her fill-in supervisor for gloves and a *99 mask prior to working there, but was told she would have to provide these items for herself. When she refused to work in the storage area, she was sent home, and not paid.
Spangler also complained to her full-time supervisor, the store manager, and to corporate headquarters in Arkansas. At "headquarters" someone named Steve said he would "take care" of the problem. On February 3, Spangler was told to work in the storage area again and when she complained, the manager told her she would have to "clock out" or go home. On February 19, her supervisor told her there were no other job openings in the store, and that as part of her assignment, she would be expected to work in the storage area. She resigned her job on February 21.
We think this record supports the hearing officer's finding that no individual should be required to work around rodents or rodent droppings against their will. An individual is disqualified for unemployment benefits only if he has voluntarily left his work without good cause attributable to his employing unit. Section 443.101(1)(a), Fla. Stat. (1991). To constitute "good cause" for purposes of unemployment compensation, the cause must be one which would reasonably compel the average, able-bodied, qualified worker to give up his or her employment. Moore v. Florida Unemployment Appeals Commission, 498 So.2d 992 (Fla. 1st DCA 1986).
Although an employee should be expected to make reasonable efforts to preserve his or her employment,[1] in this case there was nothing Spangler could do to remedy the unsanitary and unhealthy working conditions which existed and in which she was being required to work. Nor did her employer offer her any hope of a transfer or other remedy (mask and gloves).
Furthermore, employer did not indicate that the unsanitary working conditions would change with time. When asked, she was told that she had to work there. Her alternative was to be sent home with reduced pay.
The record does not support the hearing officer's conclusion that had Spangler's employer been given more time, something would have changed to ameliorate her working conditions, and that she was unreasonable for not waiting longer for her employer to change her job situation. Nothing in the record suggests additional time would have made any difference.
REVERSED and REMANDED.
GOSHORN and PETERSON, JJ., concur.
NOTES
[1] See Glenn v. Unemployment Appeals Commission, 516 So.2d 88 (Fla. 3d DCA 1987) (worker who failed to respond to a disciplinary report which recommended his dismissal and who failed to defend himself against discharge by using available procedures to challenge his dismissal voluntarily relinquished his position and was not entitled to unemployment benefits); Klesh v. Unemployment Appeals Commission, 441 So.2d 1126 (Fla. 1st DCA 1983) (worker's failure to utilize an available grievance procedure to challenge the allegation of misconduct contained in his job evaluation supports the finding that he voluntarily left his employment without good cause); Board of County Commissioners v. Florida Department of Commerce, 370 So.2d 1209 (Fla. 2d DCA 1979) (county employee who left his employment rather than exercise his right to have allegations of misconduct against him determined, voluntarily left his job without good cause); State of Florida, Department of Commerce v. Dietz, 349 So.2d 1226 (Fla. 2d DCA 1977) (worker who failed to report back to work despite written notice that such failure would constitute an abandonment of his job was disqualified from receiving unemployment benefits); Quick v. North Central Florida Community Mental Health Center, 316 So.2d 301 (Fla. 1st DCA 1975) (nurse who resigned rather than go through employer's grievance procedure voluntarily terminated employment without good cause).