PER CURIAM.
Appellant, Raphael A. Barreto [the “claimant”], appeals a final order from the Florida Unemployment Appeals Commission denying unemployment benefits. We agree with the claimant’s assertion that his actions did not constitute misconduct connected with work, and therefore reverse the order below.
The claimant was employed as an assistant restaurant manager, and had made arrangements with a subordinate employee to exchange shifts. The two agreed that on September 10,1994, the claimant would work the subordinate’s shift from noon to closing, instead of his regular shift from 10:00 a.m. to 8:00 p.m. The subordinate agreed to work the claimant’s schedule on September 13, 1994, from 4:00 p.m. to closing. The claimant agreed to come in later that night to train the subordinate on how to close the store.
On September 10,1994, when the claimant arrived at work at.noon, the restaurant manager issued a warning for failure to report on time. The manager told the claimant that company policy required employees to seek permission from the restaurant manager in order to change shifts. Specifically, the manager stated that he told the claimant: “[F]or future reference, if he ever needed to change Ms schedule again, he needed to make sure that I knew about it, and that I would — had okayed it before he did it_ I told him any further violations could result in termination.” On September 13, 1994, when the claimant arrived to work at approximately 10:30 p.m., he was fired by the manager for failing to get approval for the schedule change.
The appeals referee found that the claimant’s actions did not amount to misconduct because “the claimant had notified the employer of the change, and was not advised that he could not make that change.” However, the Unemployment Appeals Commission reversed the referee’s findings.
It is improper for the Unemployment Appeals Commission to reweigh the evidence and substitute its findings for those of the referee. Kan v. P.G. Cook Assocs., 566 So.2d 932 (Fla. 3d DCA 1990); Forkey & Kirsch, P.A. v. Unemployment Appeals Comm’n, 407 So.2d 319 (Fla. 4th DCA 1981). The referee’s findings of fact and conclusions of law may only be reversed in the absence of competent substantial evidence. Smith v. Florida Unemployment Appeals Comm’n, 588 So.2d 324 (Fla. 4th DCA 1991); Hines v. Department of Labor & Employment Security, 455 So.2d 1104 (Fla. 3d DCA 1984); Sanchez v. Department of Labor & Employment Security, 411 So.2d 313 (Fla. 3d DCA 1982).
Here, the record reflects the claimant was told on September 10, 1994, that any “future” schedule changes would result in termination, and that the claimant interpreted this statement as applying to changes occurring after the previously agreed-upon September 13, 1994 change. The claimant was never instructed that he was required to work Ms original schedule on September 13, 1994.
Thus the evidence was sufficient to support the appeals referee’s finding that the claimant did not intentionally disregard the employer’s interests and did not engage in misconduct within the meaning of section 443.036(26), Florida Statutes (1993). See Copp v. 4126, Inc., 616 So.2d 87 (Fla. 4th DCA 1993); Lewis v. Unemployment Appeals Comm’n, 498 So.2d 608 (Fla. 5th DCA 1986). Accordingly, we reverse the order of the Unemployment Appeals Commission and remand for entry of an order in accordance with the referee’s findings.
Reversed and remanded.