734 So.2d 1161 (1999)
David A. FERGUSON, Appellant,
v.
HENRY LEE COMPANY and Florida Unemployment Appeals Commission, Appellee.
No. 99-34.
District Court of Appeal of Florida, Third District.
June 9, 1999.
David A. Ferguson, in proper person.
John D. Maher, Tallahassee, for Appellee, Unemployment Appeals Commission.
Before GERSTEN, GODERICH, and SORONDO, JJ.
PER CURIAM.
David A. Ferguson ("Ferguson") challenges an Unemployment Appeals Commission ("UAC") order reversing an appeals referee's determination that Ferguson is entitled to unemployment benefits. Because the UAC improperly reweighed the evidence presented before the referee, we reverse.
Ferguson accepted a position with Henry Lee Co. ("employer") as a computer operator on July 28, 1997. He quit this job on April 2, 1998 after the employer changed his work schedule from a four-day week to a five-day week. Ferguson sought unemployment compensation but his claim was initially denied. He appealed this denial and obtained a hearing before an appeals referee.
The appeals referee found that the employer had a hard time filling Ferguson's shift because the shift required unusual work hours; that in order to induce someone to accept the unusual hours, the employer was required to offer a four-day work week, and; that Ferguson accepted the employer's four-days per week offer and eventually quit because the employer increased the number of days he was required to work. The referee concluded *1162 that Ferguson had "good cause" for leaving his job and awarded him unemployment benefits.
The UAC reversed on the ground that the employer was justified in changing the terms and conditions of Ferguson's employment. The UAC cited to the referee's finding that the employer, by way of a written general policy, reserved the right to change any employee's work schedule. This policy was contained in the employee's handbook which Ferguson received.
The fact that the employer could change Ferguson's schedule without fearing a breach of contract action, however, is not controlling here. See Tourte v. Oriole of Naples, Inc., 696 So.2d 1283 (Fla. 2d DCA 1997). An employee is entitled to unemployment benefits when he leaves his job for good cause attributable to his employer. See § 443.101(1)(a), Fla. Stat (1997). "Good cause" is defined as "those circumstances which would impel the average, able bodied, qualified worker to give up employment." See Tourte v. Oriole of Naples, Inc., 696 So.2d at 1285; Uniweld Prod., Inc. v. Industrial Relations Comm'n, 277 So.2d 827 (Fla. 4th DCA 1973).
Here, the appeals referee determined that the average, able bodied, qualified worker would quit his job if put in Ferguson's position. The UAC could only overturn this determination if it was not supported by substantial competent evidence. See Kan v. P.G. Cook Assoc., 566 So.2d 932 (Fla. 3d DCA 1990).
Supporting the referee's "good cause" determination was the fact that the employer removed the primary incentive for working Ferguson's shift. This meets the substantial competent evidence standard. See e.g. Tourte v. Oriole of Naples, Inc., 696 So.2d at 1285-86; Livingston v. Tucker Constr. & Eng'g, Inc., 656 So.2d 499 (Fla. 2d DCA 1995); Kan v. P.G. Cook Assoc., 566 So.2d at 934.
Because the referee's decision was supported by substantial competent evidence, the UAC was without authority to deny Ferguson his benefits. See San Roman v. Unemployment Appeals Comm'n, 711 So.2d 93 (Fla. 4th DCA); Grossman v. Jewish Community Ctr. of Greater Ft. Lauderdale, Inc., 704 So.2d 714 (Fla. 4th DCA 1998); Smith v. Florida Unemployment Appeals Comm'n, 588 So.2d 324 (Fla. 4th DCA 1991); Kan v. P.G. Cook Assoc., 566 So.2d 932 (Fla. 3d DCA 1990); Johnston v. Homeowners Warehouse, Inc., 654 So.2d 934 (Fla. 3d DCA 1994). Accordingly, the UAC's order is reversed and the cause is remanded with directions to reinstate the referee's decision. See Smith v. Florida Unemployment Appeals Comm'n, 588 So.2d 324 (Fla. 4th DCA 1991); Forkey & Kirsch, P.A. v. Unemployment Appeals Comm'n, 407 So.2d 319 (Fla. 4th DCA 1981).
Reversed and remanded with directions.