PER CURIAM.
Gabriel Astengo appeals a final order of the Florida Unemployment Appeals Commission affirming a decision of an appeals referee which denied Astengo’s claim for unemployment compensation. The referee denied the claim upon a finding that As-tengo was disqualified from receiving benefits because he voluntarily quit his employment without good cause attributable to his employer. See § 443.101(l)(a), Fla. Stat. (2000). We have reviewed the record made before the referee and agree with the Unemployment Appeals Commission that the denial of benefits to Astengo under the circumstances of his resignation from his employment was proper.
Where an employee leaves his employment because he has not received a raise in salary to which he feels entitled, but which was never unequivocally promised to him by the employer, his departure cannot be considered “for good cause attributable to the employer.” See Arredondo v. Jackson Mem. Hosp., 412 So.2d 912 (Fla. 3d DCA 1982). But cf. Kralj v. Florida Unemployment Appeals Comm’n, 537 So.2d 201 (Fla. 2d DCA 1989)(where a specific salary increase was promised to go into effect at a certain time, but that time passed without the increase, employee left employment for good cause attributable to employer). Here, the evidence of record shows only that Astengo was given a vague “when the budget allows” response to his salary increase requests. He was not promised a specific salary increase to go into effect at a specific time, and the appeals referee’s decision denying him benefits is supported by substantial, competent *804 evidence. The Commission properly affirmed the referee’s decision.
Affirmed.