885 So.2d 440 (2004)
Barbara J. WILLICK, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION and Micro Snap Inc., Appellees.
No. 2D03-4830.
District Court of Appeal of Florida, Second District.
October 20, 2004.
*441 Barbara J. Willick, pro se.
John D. Maher, Deputy General Counsel, Tallahassee, for Appellee Unemployment Appeals Commission.
No appearance for Appellee Micro Snap Inc.
STRINGER, Judge.
Barbara Willick seeks review of the final order of the Unemployment Appeals Commission (UAC) affirming the appeals referee's decision that denied her unemployment compensation. Because the appeals referee erred in placing the burden on the claimant to prove she did not voluntarily end her employment, we reverse and remand with directions to award benefits.
Willick was the only witness at the appeals hearing conducted in this case; the employer did not appear. Willick testified, and the appeals referee found, that while working as a sales representative, she asked another employee to assist her by making a call to obtain some information regarding a sale Willick was pursuing. Willick's manager approached and asked what they were doing, and she and the manager went outside to speak. The manager became upset and told Willick to leave the property. Willick also testified that the manager told her he would call the police if she did not leave the property.
Willick convinced the manager to let her back inside to get her purse, at which time she stopped to speak to the president of the company and tried to explain what occurred with the manager. Willick asked the president, "Is this it?," and the president responded that it depended on the manager. Willick did not ask the manager if she was fired or if she could return to work the next day, and she left the job site and did not return. Willick testified that the manager again told her to get off the property while she was speaking with the president, and she believed she was fired from her job. No evidence of misconduct was presented.
The issue before the appeals referee was whether the claimant was discharged for misconduct connected with work or voluntarily left without good cause. The appeals referee concluded that the claimant voluntarily separated from employment on the assumption that a discharge had or would take place. Further, because the claimant made no attempt to ask the manager whether she was still employed, she had failed to exercise her right to have allegations of misconduct determined, supporting the appeals referee's conclusion that she voluntarily left the job without good cause.
To successfully challenge any finding of the appeals referee, an appellant must show that the finding is not supported by competent, substantial evidence in the record. See § 120.57(1)(l), Fla. Stat. (2002); Studor Inc. v. Duren, 635 So.2d 141 (Fla. 2d DCA 1994). A reviewing court cannot overturn an agency's interpretation or application of its organic laws unless the agency's interpretation is clearly erroneous. See Dep't of Ins. v. *442 Southeast Volusia Hosp. Dist., 438 So.2d 815, 820 (Fla.1983).
The employer has the initial burden to establish that the employee voluntarily left employment. Lewis v. Fla. Unemployment Appeals Comm'n, 685 So.2d 876, 878 (Fla. 2d DCA 1996). If the employer meets this burden, then the employee must present evidence to prove that he or she left the employment for good cause attributable to the employer. Id.
A claimant who leaves his or her employment voluntarily without good cause is disqualified from receiving unemployment benefits. See § 443.101(1)(a), Fla. Stat. (2002). "[W]henever feasible, an individual is expected to expend reasonable efforts to preserve his employment," Glenn v. Fla. Unemployment Appeals Comm'n, 516 So.2d 88, 89 (Fla. 3d DCA 1987), and failure to utilize an available grievance procedure to challenge allegations of misconduct supports a finding that the employee voluntarily left his or her job without good cause. Bd. of County Comm'rs, Citrus County v. Fla. Dep't of Commerce, 370 So.2d 1209, 1211 (Fla. 2d DCA 1979); Klesh v. Unemployment Appeals Comm'n, 441 So.2d 1126 (Fla. 1st DCA 1983).
Applying these standards to the facts of this case, we must conclude that the statements upon which the referee relied do not provide prima facie evidence to support the finding that Willick quit. Because the employer failed to appear or otherwise present any testimony, and Willick provided no testimony that could support a finding that she quit, the employer failed to meet its initial burden of proving that she voluntarily left her employment. This conclusion alone supports a reversal of the decision denying her unemployment benefits.
The appeals referee's conclusion based on Board of County Commissioners, 370 So.2d 1209, and Glenn, 516 So.2d 88, is also error. Unlike this case, the appeals referee in those cases considered evidence presented by the employer and employee involving formal written notices of dismissal for documented allegations of misconduct. Obviously, the purpose of a grievance procedure is to attempt to rectify documented employment issues short of termination. Where, as in this case, any misconduct or disciplinary problem is not documented or otherwise proven, the existence of a grievance procedure is unnecessary.
While employees are expected to expend reasonable efforts to preserve their employment, courts have applied a feasibility component to this requirement such that claimants will not be disqualified for leaving employment voluntarily when the available grievance procedure provided no real possibility that the claimant could have preserved his or her employment. See Schenck v. State, Unemployment Appeals Comm'n, 868 So.2d 1239 (Fla. 4th DCA 2004) (holding no competent, substantial evidence supported finding that appellant left job voluntarily when there was no evidence of any possibility that appellant could have preserved job through grievance hearing); Grossman v. Jewish Cmty. Ctr. of Greater Fort Lauderdale Inc., 704 So.2d 714 (Fla. 4th DCA 1998) (reversing and remanding for award of benefits because unutilized grievance procedure was not feasible because it would have required the employee to air her complaints to same supervisors who verbally abused her in evaluation).
In this case, the appeals referee found that Willick voluntarily left her employment because she was presented with and refused an opportunity to remedy the situation when she asked the president, "Is *443 this it?" and he responded that it was up to the manager. Willick was not confronted with clear allegations of misconduct, nor were there any established grievance procedures presented to her as a means of challenging her termination. Rather, she was presented with the opportunity to speak with the same manager who had become upset and hostile toward her when she previously discussed the situation with him, and had threatened to call the police if she did not leave the property. In fact, while Willick was trying to discuss the situation with the president, the manager again ordered her off the property. There is no evidence to suggest that Willick could have preserved her job by again attempting to speak with the manager.
Based on these facts, Willick was not presented with a feasible grievance procedure through which there was a reasonable possibility for her to preserve her employment. Because an employee is only required to expend reasonable efforts to preserve employment when feasible, Willick's failure to pursue the frivolous step of speaking again with her manager does not provide competent, substantial evidence that Willick voluntarily left her employment without good cause. Accordingly, we reverse the UAC's order and remand with directions to award Willick unemployment benefits.
Reversed and remanded with directions.
ALTENBERND, C.J., and FULMER, J., Concur.