990 So.2d 1211 (2008)
Lori Ann LEWIS, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION, Appellee.
No. 5D07-2772.
District Court of Appeal of Florida, Fifth District.
September 19, 2008.
Lori A. Lewis, Orlando, pro se.
John D. Maher, Tallahassee, for Appellee.
PER CURIAM.
Lori A. Lewis ["Appellant"] has appealed the order of the Unemployment Appeals *1212 Commission ["UAC"], affirming the referee's decision to disqualify Appellant from receiving unemployment compensation benefits. We affirm.
Appellant became unemployed after working as a computer analyst for fifteen years. On March 29, 2007, she began working for the Central Florida Zoological Society Inc. ["Zoo"] as an Education Animal Keeper. On April 26, 2007, Appellant resigned from that position without giving notice or a reason. Subsequently, the Agency for Workforce Innovation determined that Appellant was ineligible to receive further unemployment benefits because she quit her job at the Zoo for a reason not attributable to her employer.
Appellant appealed the claims adjudicator's determination, contending that she quit for good causethat she was not physically able to handle the duties of the job nor adequately trained. A telephonic hearing was held before an appeals referee to determine "whether [Appellant] was discharged for misconduct connected with work or voluntarily left work without good cause." The referee found that Appellant left voluntarily due to dissatisfaction with the working conditions.
There is competent substantial evidence to support the referee's finding that Appellant did not establish that she gave up her job for a reason that "would reasonably compel the average, able-bodied, qualified worker to give up his or her employment." Spangler v. Unemployment Appeals Comm'n, 632 So.2d 98, 99 (Fla. 5th DCA 1994). The testimony presented at the hearing before the referee indicates that Appellant was healthy but unaccustomed to physical labor; that she was informed about the requirements of her position before she accepted it; that she worked full-time as an animal keeper from March 29, 2007, to April 26, 2007; that she had not received any verbal or written warnings from the Zoo during her employment; that the Zoo had no reason to fire her at the time of her departure; that she considered her resignation a mistake; and that she tried to get her job back the next day.
AFFIRMED.
GRIFFIN, TORPY and LAWSON, JJ., concur.