THOMAS, J.,
Dissenting.
I respectfully dissent. There is competent, substantial evidence to support the finding that Appellant voluntarily left her employment, and the Agency’s finding to that effect must be sustained under the law.
As the majority opinion states, whether an “employee left [his or] her job voluntarily and without good cause is a question of fact within the province of the unemployment appeals referee.” Grossman v. Jewish Cmty. Ctr. of Greater Fort Lauderdale, 704 So.2d 714, 716 (Fla. 4th DCA 1998). The employer has the initial burden to establish that the employee voluntarily left employment. See Willick v. Unemployment Appeals Comm’n, 885 So.2d 440, 442 (Fla. 2d DCA 2004) (citing Lewis v. Fla. Unemployment Appeals Comm’n, 685 So.2d 876, 878 (Fla. 2d DCA 1996)). If the employer meets this burden, then the employee “must present evidence to prove that he or she left the employment for good cause attributable to the employer.” Id. “Good cause” is a circumstance that would “reasonably impel the average able-bodied qualified worker to give up his or her employment.” Uniweld Prods., Inc. v. *1199 Indus. Relations Comm’n, 277 So.2d 827, 829 (Fla. 4th DCA 1973).
Under the law, employees must make a reasonable effort to preserve their employment. See Glenn v. Fla. Unemployment Appeals Comm’n, 516 So.2d 88, 89-90 (Fla. 3d DCA 1987); Bd. of County Comm’rs, Citrus County v. Fla. Dep’t of Commerce, 370 So.2d 1209, 1211 (Fla. 2d DCA 1979). Appellant did just the opposite. Rather than respond to inquiries regarding allegations of impropriety, she simply left her employment. It is certainly understandable that it would be an unpleasant task to respond to the allegations, but we have held that employees are required to respond to an employer’s reasonable efforts to resolve disputes. Under the majority’s holding, employees may now simply quit any time there is an employment dispute, and they will then qualify for unemployment compensation. This is an incorrect application of the law. See Quick v. N. Cent. Fla. Cmty. Mental Health Ctr., 316 So.2d 301, 302 (Fla. 1st DCA 1975) (employee voluntarily left employment when she did not use available grievance procedure).
In addition, this is unsound public policy. With this standard, unemployment funds will be used in a manner not contemplated by the legislature. As argued by the Agency, the purpose of the unemployment compensation statute is to provide economic assistance to persons unemployed through no fault of their own. § 443.031, Fla. Stat. (2009). Thus, the statute disqualifies workers who voluntarily leave employment. § 443.101(l)(a), Fla. Stat. This statute excuses only those employees who leave employment because of circumstances not present here.
The fact that the employer testified that Appellant was discharged for misconduct is not dispositive here; what is dispositive is that the Agency found Appellant voluntarily left her employment, and the evidence demonstrates that this finding may not be overturned on appeal. See His Kids Daycare v. Fla. Unemployment Appeals Comm’n, 904 So.2d 477, 480 (Fla. 1st DCA 2005) (noting the fact evidence exists contrary to the finding made by the appeals referee is of no import where the referee’s finding is supported by competent substantial evidence). The appeals referee found that Appellant was the moving party in the separation and should be considered to have voluntarily quit. We should affirm these factual findings.
Where an agency’s findings are supported by competent, substantial evidence, we are not empowered to reverse those findings. Forehand v. School Bd. of Washington County, 481 So.2d 953, 955 (Fla. 1st DCA 1986); § 120.68(7)(b), Fla. Stat. Thus, I réspectfully dissent from the majority’s holding reversing the Agency’s factual findings that Appellant voluntarily left her employment.