ROTHENBERG, J.
Nail S. Rivera (“Claimant”) appeals the Unemployment Appeals Commission’s (“UAC”) order affirming the appeals referee’s decision disqualifying the Claimant from receiving unemployment benefits. We reverse and remand with instructions to grant benefits to the Claimant.
After working at a Polio Tropical restaurant for nine years, the Claimant terminated her employment. She applied for unemployment benefits asserting that she terminated her employment because she was sexually harassed. The Agency for Workforce Innovation (“Agency”) determined that the Claimant made reasonable efforts to resolve the conflict with a coworker, and that she left her employment with good cause attributable to the employer, Polio Operations, Inc. (“Employer”).
The Employer appealed the Agency’s determination. The unrefuted evidence presented at the hearing before the appeals referee was that the Claimant left her employment on April 10, 2008, approximately one week after she accused an assistant manager of touching or tapping her buttocks. After the incident, the Claimant spoke to the general manager, and when he failed to take any action against the assistant manager, she complained to the district manager. When *507 reporting the incident, the Claimant also told the district manager that she: believed that the assistant manager was stealing money from her cash register; heard the assistant manager use the word “faggot”; and observed the assistant manager grab a male employee’s “private parts.”
While the Claimant’s allegations were being investigated by the Human Resources Department, the Claimant was granted leave to care for her sick mother. While on leave, the manager of the Human Resources Department (“HR Manager”) informed the Claimant that her allegations could not be corroborated, but did not clarify that she was only referring to the sexual harassment allegation, and that the theft allegation was still under investigation. After being told that her allegations could not be corroborated, the Claimant asked for a transfer to another location, but her request was denied because there were no openings at the requested locations. Not realizing that her allegation of theft was still being investigated, and believing that the same management team would remain at the restaurant, the Claimant did not return to her job. Approximately two weeks after the Claimant left her employment, the assistant manager was discharged following the theft investigation, and the general manager was discharged for poor performance. Neither the HR Manager nor the district manager contacted the Claimant to inform her that a new management team was in place at the restaurant, or that the subject of her complaints had been discharged.
Following the hearing, the appeals referee entered an order, finding in part that the “physical harassment” did occur, but it stopped after the Claimant complained, and that Claimant’s fear that the harassment could resume was “simply speculative.” The appeals referee reversed the Agency’s determination, concluding that the Claimant did not qualify for benefits because she left work without good cause attributable to the Employer.
The Claimant appealed to the UAC. The UAC entered an order affirming the appeals referee’s determination, stating in part:
[E]ven if the employee arguably has ‘good cause’ to leave his or her employment, he or she may be disqualified from benefits based on a failure to expend reasonable effort to preserve his or her employment_ [T]he record supports the referee’s conclusion that the [Claimant did not make a reasonable effort to preserve the employment relationship prior to leaving.
The Claimant’s appeal follows.
The Claimant contends that the UAC wrongfully denied her unemployment compensation benefits to which she is entitled. We agree.
An individual is disqualified from receiving unemployment benefits if “he or she has voluntarily left his or her work without good cause attributable to his or her employing unit_” § 443.101(l)(a), Fla. Stat. (2008); see Ferguson v. Henry Lee Co., 734 So.2d 1161, 1162 (Fla. 3d DCA 1999) (“An employee is entitled to unemployment benefits when he leaves his job for good cause attributable to his employer.”). “ ‘Good cause’ for quitting employment, as contemplated by the unemployment compensation law, describes that which would drive an average, able-bodied worker to quit his or her job.” Recio v. Kent Sec. Servs., Inc., 727 So.2d 320, 321 (Fla. 3d DCA 1999); see Ferguson, 734 So.2d at 1162 (stating that “good cause” is defined as circumstances that would lead the average, able-bodied, qualified worker to leave his employment). Further, “[t]he applicable standards are the standards of *508 reasonableness as applied to the average man or woman, and not to the supersensi-tive.” Uniweld Prods., Inc. v. Indus. Relations Comm’n, Fla. Dep’t of Commerce, Tallahassee, Fla., 277 So.2d 827, 829 (Fla. 4th DCA 1978).
In addressing whether the Claimant voluntarily left her employment for good cause attributable to the Employer, we must accept the appeals referee’s findings if they are supported by competent, substantial evidence. See Yaeger v. Fla. Unemployment Appeals Comm’n, 786 So.2d 48, 51 (Fla. 3d DCA 2001) (stating that appeals referee’s finding of fact can be rejected by the UAC or the appellate court where the finding is not supported by competent, substantial evidence in the record). Here, although the appeals referee noted that the human resources representative was not able to obtain any corroboration that the sexual harassment occurred, the appeals referee did find that the Claimant was harassed at the Polio Tropical restaurant, and we accept the appeals referee’s finding as it is supported by competent, substantial evidence.
The appeals referee also found that the “[C]laimant’s testimony shows that the physical harassment stopped after she complained.” Although this finding is supported by the evidence, the appeals referee’s finding fails to include decisive contextual facts. The unrefuted evidence reflects that the assistant manager did not have the opportunity to re-harass the Claimant because the Claimant was granted leave to care for her sick mother. The Claimant did not return to the Polio Tropical restaurant after the HR Manager informed the Claimant that her allegations could not be corroborated and denied her request for a transfer. Thus, the Claimant had two options — (1) quit or (2) return to the Polio Tropical restaurant where the harassing assistant manager was still employed. Based on these facts, we conclude that, as a matter of law, the Claimant left her employment with good cause attributable to the Employer because the “average, able-bodied” worker would have quit under these circumstances. See Ferguson, 734 So.2d at 1162.
Finally, the UAC’s conclusion that the Claimant failed to make reasonable efforts to preserve her employment is clearly erroneous. The Claimant immediately reported the sexual harassment to the assistant manager’s general manager. After he failed to take any action, she reported the incident to the district manager, who arranged to have the incident investigated by the HR Manager. When the HR Manager informed the Claimant that her allegations could not be corroborated, the Claimant requested, but was denied, a transfer to another location. As these facts demonstrate that the Claimant made reasonable efforts to preserve her employment, we reverse the UAC’s order, and remand with instructions to grant unemployment benefits to the Claimant.
Reversed and remanded.