BARFIELD, Judge.
Helen C. Martell appeals an order of the Unemployment Appeals Commission (UAC) affirming the decision of the appeals referee, which affirmed the determination of the claims examiner that Martell is not entitled to unemployment compensation, that she was overpaid $11,475 in unemployment compensation payments, and that she is required to repay that amount to the Unemployment Compensation Fund. We reverse and remand for proceedings to determine whether she was entitled to unemployment compensation for the 42 weeks following her separation from GTE of Florida in October 1991, and if she was not, to a determination of the amount of unemployment she was overpaid.
The reduction in force separation package which Martell accepted in October 1991 provided 42 weeks of separation pay and included this provision: “This release does not include, however, a release of employee’s rights to a vested pension or a waiver of any rights to workman’s compensation or unemployment insurance that employee may have.” Martell sought and was paid unemployment compensation from November 2, 1991, through October 17, 1992, at which point she got a job with a school board that lasted until a layoff in June 1993. When she thereafter filed a claim for unemployment benefits, GTE protested.
The claims examiner determined that unemployment benefits were not payable because “the reason for quitting was not attributable to the employer” and that the benefits Martell had received were overpayments and subject to recovery. After a hearing at which GTE did not appear, the appeals referee found that Martell had voluntarily quit her job in order to accept the reduction in force separation package, and concluded that her leaving was for personal reasons not attributable to the employer, that she was properly disqualified from receipt of unemployment benefits, and that she was overpaid $11,475 in unemployment compensation. The UAC affirmed the decisions of the appeals referee without discussion.
The evidence presented to the appeals referee does not support his finding that Mar-tell’s voluntary leaving work was not with good cause attributable to GTE, the basis for his determinations that she was not entitled to unemployment compensation, that she had therefore been overpaid, and that she must repay all the benefits received. The particular circumstances of this case amounted to good cause which would impel the average reasonable worker to voluntarily quit her position. See Platt v. Unemployment Appeals Commission, 618 So.2d 340 (Fla. 2d DCA 1993); Dean v. Unemployment Appeals Commission, 598 So.2d 100 (Fla. 2d DCA), rev. denied, Unemployment Appeals Commission v. Dean, 605 So.2d 1268 (Fla.1992); Marcelo v. Department of Labor and Employment Security, 453 So.2d 927 (Fla. 2d DCA 1984).
The UAC’s order affirming the decisions of the appeals referee is REVERSED and the case is REMANDED to the UAC with instructions to remand to the appeals referee for further proceedings to determine whether Martell was entitled to unemployment compensation for the 42 weeks following her separation from GTE.
KAHN, J., and SHIVERS, Senior Judge, concur.