STONE, Judge.
We find no error in the commission’s upholding the referee’s conclusion that Appellant’s acceptance of an early retirement opportunity was a voluntary abandonment of her employment and not a discharge attributable to the employer.
The employer, a few months prior to Appellant’s leaving, offered an early retirement package to employees over fifty years of age. As Appellant’s department was scheduled to close down at an undetermined future date, the employer encouraged her to take advantage of early retirement. We reject the contention that the employer’s doing so constitutes a constructive discharge.
The record reflects no employer conduct that can be deemed to have wrongfully caused Appellant to retire. See Home Fuel Oil Co. v. Florida Unemployment Appeals Comm’n, 494 So.2d 268, 270 (Fla. 2d DCA 1986). This is not a circumstance, as in Platt v. Unemployment Appeals Comm’n, 618 So.2d 340 (Fla. 2d DCA 1993), where working conditions forced the employee’s retirement; or, as in LeDew v. Unemployment Appeals Comm’n, 456 So.2d 1219 (Fla. 1st DCA 1984), where the claimant was essentially fired. Here, the employer simply imparted information and its concern to the employee, leaving it to her to decide what course of conduct was in her best interests, i.e., whether to retire or wait to see what would happen, including whether there would be employment opportunity in the future.
Appellant was not faced with imminent termination or even a certainty that she would be discharged. See Johnston v. Florida Dep’t of Commerce, 340 So.2d 1229 (Fla. 4th DCA 1976). Rather, Appellant simply had a good reason to voluntarily accept an early retirement opportunity. See In re Astrom 362 So.2d 312 (Fla. 3d DCA 1978).
In Astrom, airline employees were afforded an option of taking early retirement in the face of an anticipated future transfer of a Pan Am maintenance base from Miami to New York. There, as to multiple employees, those orders granting unemployment benefits to some were quashed, and those orders denying benefits were affirmed, because the employees who had accepted early retirement had the option of continuing to work, notwithstanding the known uncertainties of remaining on the job. Here, as in Astrom, we cannot say that Appellant was wrongfully *962 impelled to quit or that her decision was involuntary.
AFFIRMED.
WARNER and POLEN, JJ., concur.