POLEN, C.J.
Appellant appeals from a final order which effectively denied her unemployment benefits. We affirm.
Appellant worked as a dental assistant for a dentist. In January, 2000, she was stuck in the thumb with an instrument. She was stuck a second time two months later. After this second incident, and fearing for her health and safety, she decided to leave employment and apply for unemployment benefits.
The appeals referee found she voluntarily left work without good cause attributable to her employer and denied her benefits. He found that appellant was well aware of the risks associated with her employment, including being accidentally punctured by instruments. The Unemployment Appeals Commission (UAC) affirmed the referee’s decision.
An employee is disqualified from unemployment benefits only if she has voluntarily left work without good cause attributable to her employer. § 443.101(l)(a), Fla. Stat. (1999). “Good cause” is that which “would reasonably impel the average able-bodied qualified worker to give up his or her employment.” Wall v. Unemployment Appeals Com’n, 682 So.2d 1187, 1188 (Fla. 4th DCA 1996) (citation omitted). While the question of whether “good cause” exists often involves a mixed question of law and fact, this court has held it is an ultimate fact best left to the fact-finder. San Roman v. Unemployment Appeals Com’n, 711 So.2d 93, 95 (Fla. 4th DCA 1998) (citations omitted). On review, the UAC may reject the referee’s conclusions of law without limitation, but may not reject his findings of fact if competent substantial evidence supports them. § 120.57, Fla. Stat. (1999). On review of the UAC’s determinations, this court must presume that the order is correct. Jen *1118 nings v. Unemployment Appeals Com'n, 689 So.2d 1193 (Fla. 4th DCA 1997).
In the instant case, the referee reasoned that Antonucci was aware that there were risks associated with her job. By-denying her unemployment benefits, both the referee and the UAC implicitly determined that the average able-bodied dental assistant would not have left work if punctured twice within a short time span while working with a dentist. In other words, they concluded that in leaving Antonucci lacked good cause attributable to her employer. As we are bound by this finding, we must affirm.
AFFIRMED.
DELL and GROSS, JJ., concur.