FLETCHER, Judge.
Rosa Rodriguez appeals an order of the Florida Unemployment Appeals Commission [UAC] affirming the denial of unemployment compensation benefits. We reverse.
In 2002, Telemundo Network Group [Telemundo] announced pending budget cuts. As part of the cost cutting measure, Telemundo sent certain employees letters explaining the terms of a voluntary buyout agreement. Rodriguez accepted the buyout package and signed the agreement. Two months later, she applied for unemployment benefits which the UAC denied.
The UAC concedes Rodriguez most likely had good cause to leave her employment with Telemundo, but stresses that section 443.101, Florida Statutes (2002), disqualifies individuals who voluntarily leave work without “good cause attributable to the employing unit.” At the hearing before the UAC referee, Rodriguez produced a copy of the agreement, which stated the buyout would not interfere with applications for unemployment and those who accepted the buyout would acquire layoff status. Rodriguez then testified that Tel-emundo’s Human Resources representatives informed her department that three undetermined members of her division would be terminated, but employees accepting the agreement would be considered “laid off’ for unemployment purposes. The referee then asked Rodriguez if she was ever told her position, in particular, would be terminated if she did not accept the buyout. Rodriguez responded, “No.” Based on this testimony, the referee found that Rodriguez was not told and did not know, definitively, that her position would be terminated, thus her imminent loss of employment was speculative. The UAC concluded that Rodriguez’ acceptance of the buyout was a voluntary leaving. Further, the UAC found that Rodriguez did not demonstrate wrongful actions or persuasion by Telemundo and thereby did not show that she voluntarily left for “good cause attributable to the employer” pursuant to section 443.101, Florida Statutes (2002). The UAC relied on Calle v. Unemployment Appeals Comm’n, 692 So.2d 961 (Fla. 4th DCA 1997), wherein the court held there was a lack of “good cause attributable to the employer” where the claimant did not show evidence to support any employer wrongdoing.
The UAC contends that only instances of wrongdoing or bad faith on the employer’s part constitute “good cause attributable to the employer.” However, the stat *249 ute is not so limited. Section 443.031 mandates that, “This chapter shall be construed liberally to accomplish its purpose to promote employment security....” The strict construction urged by UAC is thus inappropriate.
In Martell v. State of Florida Unemployment Appeals Comm’n, 654 So.2d 1203 (Fla. 1st DCA 1995), the court found that the appellant did not leave her employment without good cause where the appellant had accepted a reduction in force separation package and was specifically told, “This release does not include, however, a release of employee’s rights to a vested pension or a waiver of any rights or workman’s compensation or unemployment insurance.” Martell at 1204. We agree with the Martell court’s reasoning. Employers are to be held accountable for their actions and representations to employees, particularly when modifying terms of at-will employment and when seeking participation in voluntary layoffs, buyouts or other company initiated programs. Here Rodriguez received verbal and written representations from Telemundo about the uncertainty of her job and of a buyout package with a list of benefits, as well as assurances of eligibility for other benefits, i.e., unemployment compensation. These assurances by Telemundo were not wrongful but were designed to encourage or induce the acceptance of the voluntary buyout. Given the circumstances here and the liberal purpose of the statute authorizing unemployment benefits, the requirement of “good cause attributable to the employer” was satisfied.
The UAC order denying benefits is hereby reversed and the case remanded for further proceedings consistent with this opinion.